592 P.2d 379

**The STATE of Arizona, Appellee,**

v.

**Donald Lee JOHNSON, Appellant.**

**No. 2 CA–CR 1502.**

Court of Appeals of Arizona, Division 2.

Jan. 30, 1979.

Rehearing Denied March 6, 1979.

Review Denied March 20, 1979.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Gregory A. McCarthy, Asst. Attys. Gen., Phoenix, for appellee.

4. See definition of "property of another" in the new Criminal Code, A.R.S. Sec. 13–1801(6) (amended 1978).

John M. Neis, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant, convicted by a jury of three counts of attempted murder, was given concurrent sentences in the Arizona State Prison of not less than five nor more than 12 years. He contends his convictions should be reversed because the trial court refused to suppress tape recordings and video tapes of conversations he had with an FBI agent who was posing as a "hit man" and because the trial court permitted the jury to hear part of a conversation in which he stated that he shot or shot at someone three years before. We affirm.

■ Appellant wanted his parents and grandmother killed so he could inherit their money. He was put in contact with a "hit man" who was in reality an FBI agent. The conversations between the FBI agent and appellant were recorded either on tape or on video tape with the permission of the agent and the FBI and without appellant's knowledge. Appellant contends that the recordings were not admissible into evidence because no ex parte order for wiretapping or eavesdropping was secured pursuant to A.R.S. Sec. 13-1057. We do not agree.

A.R.S. Sec. 13-1052 provides:

"Except as provided in § 13-1059, a person is guilty of a felony who being:

1. Not a sender or receiver of a telephone or telegraph communication, wilfully and by means of an instrument or device overhears or records a telephone or telegraph communication, or aids, authorizes, employs, procures or permits another to so do, *without the consent of either a sender or receiver thereof*; or

2. Not present during a conversation or discussion, wilfully and by means of an instrument or device overhears or records such conversation or discussion, or aids, authorizes, employs, procures or permits another to so do, *without the consent of a party to such conversation* or discussion;

\* \* \*

\* \* \* " (Emphasis added)

As can be seen from the statute, it is not applicable if there is consent on the part of a sender, receiver or party to the conversation.

■ A.R.S. Sec. 13-1059 provides an exemption from A.R.S. Sec. 13-1052 if an ex parte order is obtained pursuant to Sec. 13-1057. However, it is quite clear that no court order is required if the recording is made with the consent of one of the parties to the conversation or telephone communication.

■ In a video taped conversation at the Granada Royale Hometel on December 13, 1977, appellant and the FBI agent discussed the difficulty appellant was having in paying the agent any money. Appellant suggested that perhaps a trade could be worked out whereby in return for having his parents and grandmother killed, appellant would kill someone for the agent. Appellant then proceeded to discuss how he had already attempted to murder somebody. He stated that he had been having an affair with the victim's wife and they planned to kill the victim and then "live happily ever after on a couple of hundred thousand." He shot the victim three times with a .38 caliber pistol, but due to a "freak" chance the victim failed to die. This incident, according to appellant, occurred four years earlier near Cincinnati.

■ Appellant contends that evidence of this supposed prior crime should not have been admitted and that the court erred to his prejudice in doing so. We do not agree. Evidence of prior bad acts, another offense or misconduct is admissible to prove the complete story of the crime, even though other prejudicial facts are revealed thereby. *State v. Collins*, 111 Ariz. 303, 528 P.2d 829 (1975). Appellant could not pay the "downpayment" for the killings. To induce the agent to accept his offer he told him he had shot someone else. Even though there was no showing that appellant had in fact shot anyone in the past, and it appeared that he

was merely "puffing", we believe the evidence was admissible under the exception stated in *State v. Collins*, supra.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.