703 P.2d 1235

**The STATE of Arizona, Appellee,**

v.

**Clifford Lee PAUL, Appellant.**

**No. 2 CA–CR 3330.**

Court of Appeals of Arizona, Division 2, Department A.

May 8, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Galen H. Wilkes, Phoenix, for appellee.

Minnette Burges, Tucson, for appellant.

## OPINION

BIRDSALL, Presiding Judge.

Arrested in a "sting" operation, the appellant was convicted of two counts of reckless trafficking in stolen goods. The operation included the use of a camera and recorder so the appellant was actually both seen and heard by the jury as he committed the crimes. Two television sets he sold to the undercover officer running the "pawn" shop were found to have been recently stolen. In fact they were stolen and reported the very day they were sold.

On appeal appellant contends the trial court erred in admitting the videotape in evidence and in denying the appellant's motion to direct a verdict based on the insufficiency of the evidence. He also asserts ineffective assistance of trial counsel.

We affirm.

■■■■ The first issue is without merit. The appellant contends that because the videotape contained some inaudible portions it should not have been admitted. He also makes a vague due process claim. We have viewed and listened to the tape and although some background noise makes it difficult to understand some of the conversation, we were able to follow most of it. Likewise, the picture is not of the finest

quality, but the parties could readily be identified by someone who knew them. We believe the requirements for admission of a videorecording should be the same as for a photo, that it fairly and accurately depicts that which it purports to show, see *Slow Development Co. v. Coulter*, 88 Ariz. 122, 353 P.2d 890 (1960). See also *Lawler v. Industrial Commission*, 24 Ariz.App. 282, 537 P.2d 1340 (1975) (admissibility of surveillance film). And the requirements for the audio recording would be no different than for any other recording. It would have to be shown that the actual words spoken were preserved by the recording device and the tape accurately reproduces that conversation. In other words, that the recording as a whole was accurate and sufficiently complete. *Stubbs v. United States*, 428 F.2d 885 (9th Cir.1970), *cert. denied*, 400 U.S. 1009, 91 S.Ct. 567, 27 L.Ed.2d 621 (1971). Of course, foundation must be provided, including the manner of making the videotape, location, time, identification of parties and objects, identification of voices. *Stubbs*, supra. See also *Roy v. State*, 608 S.W.2d 645 (Tex.Crim. 1980); *State v. Newman*, 4 Wash.App. 588, 484 P.2d 473 (1971); *Williams v. State*, 178 Ind.App. 567, 383 N.E.2d 444 (1978). All of these cases consider the admissibility of videotape evidence and generally make the above requirements. All of these requirements are satisfied by the record before us.

■ As for the vague reference to due process, the secret taping and photographing are proper when the recorded police officer consents. *State v. Johnson*, 121 Ariz. 545, 592 P.2d 379 (App.1979). Videotapes do not violate the privilege against self-incrimination. *Hendricks v. Swenson*, 456 F.2d 503 (8th Cir.1972); *People v. Heading*, 39 Mich.App. 126, 197 N.W.2d 325 (1972).

■ We believe the admission of videotape evidence is also peculiarly within the discretion of the trial court and will be upheld absent an abuse of that discretion.

*State v. Brooks*, 30 Wash.App. 280, 633 P.2d 1345 (1981). Compare *State v. Clark*, 126 Ariz. 428, 616 P.2d 888, *cert. denied*, 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980) (admission of photo).

■ We next consider the insufficient evidence issue.

One of the stolen television sets belonged to John Igou, the other was owned by George Hollins. With both sets, as well as with other merchandise taken in at the shop, the police maintained good records, i.e., with serial numbers, photos, and custody control. Thus in the Igou count, the victim testified that on February 21, 1983, his Sanyo 19″ television was stolen. His original bill of sale for the purchase of the television was admitted as an exhibit. The serial number on the bill of sale was the same as that on the set itself and he checked the number when the set was returned to him. The police officer testified that on February 21 he purchased a color television from the appellant. He identified three photos of that Sanyo television and they were also admitted as exhibits. He testified that he was able to ascertain that the particular television was reported stolen by Mr. Igou. He did this by checking the police report and comparing the serial number on the report with that on the set. There was no objection to this latter testimony even though it was obvious hearsay. All of this evidence was sufficient to submit that count to the jury.

In the Hollins count we find the following evidence. On February 24 the appellant sold the officer a Curtis Mathes 19″ color television. The officer testified that he followed the same procedures used with the Igou set to determine the true owner and it was Mr. Hollins, who had reported it stolen on February 24. Photos of that television were admitted as evidence. Mr. Hollins testified that he reported the theft of his television to the police; that he got the set back from the police after determining the correct serial number from the

dealer from whom he had purchased it and showing this to the police. He further described it as a 19″ color Curtis Mathes television. This was also sufficient evidence from which the jury could find guilt beyond a reasonable doubt.

 Finally, the ineffective assistance argument concerns only an alleged failure to question the sufficiency of the evidence proving that the two television sets sold by the appellant were those alleged to have been stolen from the two victims. Although we believe defense counsel might have successfully required the state to have avoided the hearsay that was utilized without objection, it is apparent that the state could have done this and we fail to see how the appellant was prejudiced by the shortcuts employed. See *State v. Lee,* 142 Ariz. 210, 689 P.2d 153 (1984).

Affirmed.

HOWARD and FERNANDEZ, JJ., concur.