862 P.2d 230

**STATE of Arizona,**
**Appellee/Respondent,**

v.

**Loil Minor ARMSTRONG,**
**Appellant/Petitioner.**

**Nos. 1 CA–CR 90–869, 1 CA–CR 90–870 and 1 CA–CR 91–171–PR.**

Court of Appeals of Arizona,
Division 1, Department B.

April 22, 1993.

Review Denied Nov. 30, 1993.

· Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Richard M. Romley, Maricopa County Atty. by Arthur Hazelton, Deputy County Atty., Phoenix, for respondent.

Dean W. Trebesch, Maricopa County Public Defender by James M. Likos, Deputy Public Defender, Phoenix, for appellant.

Loil Minor Armstrong, in pro. per.

## OPINION

JACOBSON, Judge.

The major issue presented by these consolidated appeals and petition for review of a denial of post-conviction relief is whether defendant's statements regarding prior bad acts (crimes) are admissible, absent independent proof that the prior bad acts were committed. We hold that they are admissible.

### FACTUAL AND PROCEDURAL BACKGROUND

Viewed in the light most favorable to sustaining the jury verdicts, the evidence at trial in Maricopa County cause number CR 90–00708 established that appellant Loil Minor Armstrong (defendant) telephoned an undercover Mesa police officer on two occasions, seeking to purchase cocaine. During

the second conversation, defendant asked if the detective would trade drugs for property. Defendant said that he had a 1989 Jeep with Colorado plates, as well as weapons, that he was willing to exchange. On January 2, 1990, the undercover officer met with defendant at a restaurant parking lot in Mesa. Defendant indicated that the Jeep, which he drove to the meeting, was stolen. Defendant asked how much the detective would offer for the vehicle. The detective indicated that he would pay no more than $800 for the Jeep. The conversation was recorded by the detective, and the tape was introduced into evidence. In the audiotape of his conversation with the detective, defendant stated that he had purchased "chiva" (heroin) and cocaine the previous night, and needed to obtain cash to finance additional purchases of narcotics for resale.

Defendant left after the detective suggested that defendant would need to obtain additional property in order to make a trade for a large amount of cocaine. As defendant drove from the scene, a uniformed officer stopped the Jeep and arrested defendant. The Jeep's owner, a Colorado resident, testified that the vehicle was worth $16,000 to $17,000 at the time it was stolen.

At trial, defendant testified that he met with the undercover officer with the intent to obtain cocaine for his girlfriend, an addict who had recently attempted suicide. He maintained, however, that he had borrowed the Jeep from an acquaintance, did not know it was stolen, and never intended to trade it for narcotics.

The jury found defendant guilty of theft and attempted trafficking in stolen property. After defendant waived his right to a jury trial on the issue, the court found that defendant had two prior felony convictions. At the time of these offenses, defendant was on probation for possession of dangerous drugs in Maricopa County cause number CR 89–06732. On the basis of the evidence at trial, the court found defendant had violated his probation, and probation was revoked.

The court sentenced defendant to a presumptive term of 11.25 years imprisonment, enhanced by two prior convictions, on the theft charge, and to a presumptive term of six years imprisonment, enhanced by one prior conviction, on the attempted trafficking charge. On the revoked probation, defendant was sentenced to a presumptive term of four years imprisonment. The court ordered the sentences for the theft and attempted trafficking convictions to be served concurrently, but consecutively to the sentence for possession of dangerous drugs. Defendant filed a timely notice of appeal in each cause.

Defendant raises two issues on the appeal from his convictions for theft and attempted trafficking:

1. Did the trial court err in admitting defendant's statements regarding uncharged crimes; and

2. Did the trial court err in denying a mistrial?

Defendant does not raise any additional issue regarding the revocation of his probation in CR 89–06732. In his petition for post-conviction relief under Rule 32, Arizona Rules of Criminal Procedure, however, defendant contended that ineffective assistance of trial counsel and newly discovered evidence entitled him to withdraw his plea of guilty in that matter. He also complained that counsel appointed to assist him in his Rule 32 petition rendered ineffective assistance by failing to file an adequate supplemental petition. The trial court summarily denied the petition. Defendant filed a motion for rehearing, which was denied, and a subsequent petition for review. We consolidated that petition with defendant's appeals.

## ANALYSIS

### Introduction of Evidence of Other Crimes

Defendant first complains that the trial court erred in admitting the audiotape which contained admissions of prior drug transactions because this evidence of "other crimes" was irrelevant to the charges of theft and trafficking and, hence, was inad-

missible under Rule 404(b), Arizona Rules of Evidence.[1] Defendant further argues that, even if the evidence were relevant, there was insufficient proof of the offenses mentioned to warrant admission of his statements about them.

 The taped statements were relevant to defendant's intent and motive to traffic in stolen property. His statements that he needed cash to finance additional purchases and that he had made a purchase the night before tended to establish that he would trade the vehicle for drugs. *See State v. Mincey,* 141 Ariz. 425, 433–34, 687 P.2d 1180, 1188–89, *cert. denied,* 469 U.S. 1040, 105 S.Ct. 521, 83 L.Ed.2d 409 (1984) (evidence of prior drug dealing admissible to show knowledge, intent, and motive). *See also State v. Collins,* 111 Ariz. 303, 305, 528 P.2d 829, 831 (1974) (evidence of defendant's heroin addiction relevant to show defendant's motive to commit robbery to obtain heroin). Although this evidence was prejudicial to defendant, the trial court's implicit determination that such prejudice did not "substantially" outweigh probative value was not an abuse of discretion. Rule 403, Arizona Rules of Evidence.

 Defendant raises a more difficult question whether the proof of these other crimes was sufficient to warrant their admission at trial. Defendant contends that his uncorroborated statements were insufficient evidence of the other crimes to be admissible. *See State v. Fierro,* 166 Ariz. 539, 547, 804 P.2d 72, 80 (1990) ("Before evidence of a prior bad act can be admitted, there must be proof sufficient to take the case [for that bad act] to a jury.").[2] In our opinion, however, this argument misses the

point. In this case, the state did not attempt to prove these prior "bad acts." Rather, the statements were offered to prove the crime of which defendant was charged; the statements were made during the course of the commission of that crime.

Division Two of this court addressed the admissibility of admissions by the defendant which might constitute "bad acts" in *State v. Sanchez,* 130 Ariz. 295, 635 P.2d 1217 (App.1981). In that case, the trial court admitted the defendant's statement to his victim that "all of his [previous] victims had remained alive and that he had only gotten away with it once before." *Id.* at 300, 635 P.2d at 1222. Division Two found the statement admissible under Rule 404(b) and concluded: "It was not necessary to show that appellant had actually committed any prior bad act since he boasted that he had." *Id. See also State v. Johnson,* 121 Ariz. 545, 546–47, 592 P.2d 379, 380–81 (App.1979) (defendant's statement that he had previously killed a man was admissible "[e]ven though there was no showing that appellant had in fact shot anyone in the past, and it appeared that he was merely 'puffing' ").

 We believe Division Two in *Sanchez* and *Johnson* correctly state the rule that permits admission of other crime evidence based solely on defendant's own statement. In none of the cases in which the supreme court reiterated the general rule that admission of evidence of other crimes requires proof sufficient to take the issue to a jury did that court consider a situation where the acknowledgment by the defendant provided the sole proof of the other offense.[3] The general rule reflects the su-

---

1. Rule 404(b) provides:

 **(b) Other crimes, wrongs or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

2. The state argues that the test for admissibility of other crime evidence in Arizona should be the same as the test under the similar federal

rule: sufficient evidence from which reasonable jurors could determine that the defendant committed the other crime. *See Huddleston v. United States,* 485 U.S. 681, 690–91, 108 S.Ct. 1496, 1501–02, 99 L.Ed.2d 771 (1988). Whether the rule propounded by the state is different from that articulated in *Fierro,* we need not determine.

3. *See State v. Fierro,* 166 Ariz. 539, 804 P.2d 72 (1990); *State v. Valles,* 162 Ariz. 1, 5, 780 P.2d 1049, 1053 (1989); *State v. McGann,* 132 Ariz. 296, 298, 645 P.2d 811, 813 (1982); *State v. Miller,* 129 Ariz. 465, 468, 632 P.2d 552, 555

preme court's concern that speculative crimes incapable of being rebutted should not form the foundation of admissible evidence. *See State v. Marahrens*, 114 Ariz. 304, 307, 560 P.2d 1211, 1214 (1977) (" 'Evidence of a vague and uncertain character ... should not be admitted under any pretense whatever; nor is ... mere suspicion, or proof of a suspicious circumstance, sufficient,' 22A C.J.S. Criminal Law § 690.") Such a concern is not present in this case. The evidence of the crime comes from defendant's own mouth. Defendant was available to rebut the inference that he had purchased heroin previously by attempting to show he did not admit to that crime or, if he did admit it, that the admission was false. We therefore hold that an admission by defendant to an uncharged offense may, if relevant and otherwise admissible, be admitted at trial absent independent proof of that offense. The trial court did not err in admitting the audiotape in this case.

### Denial of Mistrial Motions

During cross-examination of the detective, defense counsel elicited the fact that Mike Rios, a convicted felon then on probation, had provided the detective with investigative leads, including one with defendant. The detective admitted that Rios' name never appeared in the police reports the detective prepared regarding his contact with defendant. On redirect examination, the prosecutor sought to obtain an explanation from the detective as to why he attempted to protect Rios' confidentiality. Defense counsel moved for a mistrial, contending that the detective's response implied that Rios had been threatened by defendant. The mistrial motion was denied.

During closing argument, the prosecutor again sought to rebut defendant's contention that Rios' name had been omitted from the police reports for an improper reason. Again, defense counsel moved for a mistrial, asserting that the state was implying

threats against Rios by defendant. The trial court denied the motion, but admonished the jury that there was no evidence that defendant made any threat to Rios.

■ On appeal, defendant complains that the court erred in denying his mistrial motions. A mistrial declaration "is the most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged." *State v. Adamson*, 136 Ariz. 250, 262, 665 P.2d 972, 984, *cert. denied*, 464 U.S. 865, 104 S.Ct. 204, 78 L.Ed.2d 178 (1983). Whether to grant the motion is a matter within the discretion of the trial court, which must decide whether some action other than a declaration of mistrial will remedy the error. *Id.* The trial court's determination will not be disturbed on appeal absent a clear abuse of discretion. *State v. White*, 160 Ariz. 24, 34, 770 P.2d 328, 338 (1989).

■ The trial court did not abuse its discretion in denying defendant's mistrial motions. The suggested inference that Rios may have been subjected to threats if his identity were known is revealed only by a tortured interpretation of the facts. The word "threat" was never mentioned, either by the witness or by the prosecutor. There is no indication in the record that the jury drew the inference suggested by counsel. Moreover, any possible prejudice to defendant, however remote, was cured by the court's admonition to the jury.

### Rule 32 Petition

■ In his motion for rehearing, defendant complained that appointed Rule 32 counsel was deficient in failing to supplement defendant's *pro per* petition. To the extent that this allegation attempted to assert a claim of ineffective assistance of Rule 32 counsel, it was properly dismissed. "There is no constitutional right to an attorney in state post-conviction proceed-

(1981); *State v. Jerousek*, 121 Ariz. 420, 427, 590 P.2d 1366, 1373 (1979); *State ex rel. La Sota v. Corcoran*, 119 Ariz. 573, 576, 583 P.2d 229, 232 (1978); *State v. Marahrens*, 114 Ariz. 304, 307, 560 P.2d 1211, 1214 (1977); *State v. Pogue*, 113 Ariz. 478, 480, 557 P.2d 163, 165 (1976); *State v. Mitchell*, 112 Ariz. 592, 594, 545 P.2d 49, 51 (1976); *State v. Washington*, 103 Ariz. 605, 608, 447 P.2d 863, 866 (1968); *State v. Hughes*, 102 Ariz. 118, 122–23, 426 P.2d 386, 390–91 (1967).

ings.... Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson,* — U.S. —, —, 111 S.Ct. 2546, 2566, 115 L.Ed.2d 640 (1991). This is true even though there exists a state-created right to counsel on post-conviction proceedings after exhaustion of the appellate process. *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

■ Defendant's substantive claim is also groundless. He asserted that he would not have pled guilty to possession of dangerous drugs had he known of a police report describing drugs found in his possession as "prescription drugs." He claims that he could only properly be charged with possession of "prescription-only" drugs. *See* A.R.S. § 13–3406. There is no merit to this claim because the definition of "prescription-only" drugs excludes drugs that are otherwise defined as "dangerous." A.R.S. § 13–3401(24). Defendant does not dispute his possession of a drug containing alprazolam, a dangerous drug under A.R.S. § 13–3401(6)(c)(ii), as charged in the count to which he pled guilty. Nor does defendant claim that he had a valid prescription, and hence a defense to that charge. *See* A.R.S. §§ 13–3412(A)(7); 36–2525(D), (F). The trial court did not err in summarily dismissing the petition.

## CONCLUSION

Pursuant to A.R.S. § 13–4035, we have reviewed the entire record on appeal for fundamental error and have found none. Defendant's convictions and sentences are affirmed. With regard to the Rule 32 petition, we grant review but deny relief.

EHRLICH, P.J., and GARBARINO, J., concur.