893 P.2d 759

**STATE of Arizona, Respondent,**

v.

**Jack R. KRUM, Petitioner.**

**No. 1 CA–CR 94–0252–PR.**

Court of Appeals of Arizona,
Division 1, Department B.

Feb. 14, 1995.

Review Granted May 12, 1995.

Richard M. Romley, Maricopa County Atty. by Gerald Grant, Deputy County Atty., Phoenix, for respondent.

Wisdom, Logan & McNulty by Charles M. McNulty, Phoenix, for petitioner.

## OPINION

WEISBERG, Judge.

Jack Krum ("petitioner") seeks review of the trial court's summary dismissal of his petition for post-conviction relief. For the following reasons, we grant review and grant relief.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 17, 1989, petitioner pled no contest to attempted sexual abuse, a class 3 felony, dangerous crime against children in the second degree. The victim was his step-granddaughter. Petitioner was sentenced to an aggravated term of fifteen years imprison-

ment. The factual basis for the plea consisted of the victim's statement that petitioner had sexually abused her. Petitioner appealed his conviction and sentence by means of an *Anders*[1] brief and his own supplemental brief. This court affirmed the conviction and sentence in July 1990 in *State v. Krum*, 1 CA–CR 90–0276 Mem.Dec. (July 26, 1990).

On October 8, 1991, petitioner filed a pro per petition for post-conviction relief ("first petition"), alleging that the victim had recanted to his wife and others. The trial court then appointed counsel who advised petitioner that his bare allegation of the victim's recantation would be insufficient to result in an evidentiary hearing and that petitioner must therefore supply an affidavit from the victim. Petitioner, however, failed to submit an affidavit with his supplemental petition, although he later alleged that he had explicitly told his attorney that the victim had recanted to his wife. The trial court summarily dismissed the petition because the allegations of recantation were unsupported. Petitioner then filed a petition for review and this court accepted review but denied relief, noting that petitioner's ineffective assistance of counsel argument would have to be raised in another petition for post-conviction relief.

On March 11, 1993, petitioner filed another pro per petition for post-conviction relief ("second petition"). In the second petition, petitioner raised the same arguments regarding the victim's recantation, but also claimed that his attorney was ineffective for not obtaining a third-party affidavit from his wife and filing it with his first petition. Petitioner attached his wife's affidavit in which she averred that the victim had told her that she had not been molested by petitioner. Petitioner later filed an affidavit from his grandson in which he similarly averred the victim's recantation to him. The trial court then appointed new counsel who filed a supplemental petition.

On March 3, 1994, the trial court summarily dismissed the second petition stating that no right to effective assistance of counsel existed in post-conviction relief proceedings and that, in any event, counsel's performance on the first petition did not amount to inef-

fective assistance. Petitioner timely filed a petition for review. We have jurisdiction pursuant to A.R.S. section 13–4239(G).

## DISCUSSION

### A. Does Arizona Afford Petitioners the Right to Effective Assistance of Counsel in Post–Conviction Relief Proceedings?

■ Although the United States Constitution does not expressly provide that criminal defendants have the right to effective assistance of counsel, the United States Supreme Court has reasoned that such right must exist as part of the constitutional right to counsel. Accordingly, when considering a defendant's Sixth Amendment right to counsel, the Court concluded that such right includes the right to effective assistance of counsel. *See, e.g., Strickland v. Washington,* 466 U.S. 668, 685–86, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984); *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970). The Court explained

> [t]hat a person who happens to be a lawyer is present at trial alongside the accused ... is not enough to satisfy the [Sixth Amendment]. The Sixth Amendment recognizes the right to the assistance of counsel because it envisions counsel's playing a role that is critical to the ability of the adversarial system to produce just results. An accused is entitled to be assisted by an attorney ... who plays the role necessary to ensure that the trial is fair. For that reason, the Court has recognized that "the right to counsel is the right to the effective assistance of counsel."

*Strickland,* 466 U.S. at 685–86, 104 S.Ct. at 2063 (quoting *McMann,* 397 U.S. at 771 n. 14, 90 S.Ct. at 1449 n. 14). The Court therefore directed that, when the right to counsel is guaranteed by the Sixth Amendment, a defendant cannot be "left to the mercies of incompetent counsel...." *McMann,* 397 U.S. at 771, 90 S.Ct. at 1449.

This directive has not been limited to proceedings involving the Sixth Amendment.

---

1. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

For example, because the Fourteenth Amendment guarantees the right to counsel to all defendants on their first appeal of right, *see Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), the Court has held that a criminal defendant's right to counsel on appeal "would be a futile gesture unless it comprehended the right to the effective assistance of counsel." *Evitts v. Lucey*, 469 U.S. 387, 397, 105 S.Ct. 830, 837, 83 L.Ed.2d 821 (1985).

We take these cases at their plain meaning: that whenever the constitution affords a criminal defendant the right to counsel such right encompasses the effective assistance of counsel.

■ In the instant case, although defendant's right to counsel is not guaranteed by the United States Constitution, it is provided by statute. *See* A.R.S. § 13–4235(B) (1989).[2] The issue before us, then, is whether there exists a right to effective assistance of counsel when the right to counsel itself is afforded only by Arizona statute.

The state argues that *State v. Armstrong*, 176 Ariz. 470, 862 P.2d 230 (App.1993), is dispositive of this issue. In *Armstrong*, this court concluded that the federal constitution does not afford petitioners the right to effective assistance of counsel in state post-conviction relief proceedings. *Armstrong*, 176 Ariz. at 474–75, 862 P.2d at 234–35. We never considered, however, whether such right may be founded upon an Arizona statute.

Beyond its reliance on *Armstrong*, the state does not provide any support for its argument that an Arizona-provided right to counsel in post-conviction proceedings does not include the right to effective assistance of counsel. Furthermore, the state provides no rationale explaining why Arizona's indigent petitioners should be provided with counsel, but not necessarily competent counsel. Absent such rationale, we find the reasoning of

the United States Supreme Court to be persuasive: for the right to counsel to be meaningful, it must encompass effective assistance of counsel. *See Strickland*, 466 U.S. at 685–86, 104 S.Ct. at 2063–64. Similarly, in order to effectuate the legislature's apparent goals and policies, we cannot interpret its grant of the right to counsel to be a meaningless gesture. *See Salt River Project Agric. Improvement & Power Dist. v. Apache County*, 172 Ariz. 337, 342, 837 P.2d 139, 144 (1992). We therefore see no distinction based upon whether the right to counsel arises from the United States Constitution or from a statute adopted by the Arizona legislature.

We note that the comment to Arizona Rule of Criminal Procedure 32.2(a)(3) strengthens this conclusion, although we do not attach the same degree of importance to the comment as does petitioner. The comment states in part: "If defense counsel's failure to raise an issue at trial, on appeal or in a previous collateral proceedings [sic] is so egregious as to result in prejudice as that term has been constitutionally defined, such failure may be raised by means of a claim of ineffective assistance of counsel." The comment thereby indicates that the drafters of the Rules contemplated a possible claim for ineffective assistance of counsel in post-conviction proceedings, at least as a defense to issue preclusion.

■ We observe, however, that petitioner's claim does not fall directly within the purview of the comment. The comment refers to an effective assistance of counsel claim only as a means of avoiding a claim of preclusion because of counsel's failure to raise an issue. Here, petitioner argues only that counsel's performance on the issue was deficient. Nevertheless, the comment suggests that, in some circumstances, a claim of ineffective assistance of counsel would be cognizable in post-conviction relief petitions.[3]

---

**2.** The 1992 amendments to the post-conviction relief statutes modified the right to counsel and placed it in A.R.S. section 13–4234(C) (Supp. 1994).

**3.** Although the comment lends support to our conclusion, petitioner relies upon it too heavily. Rules promulgated by the Supreme Court can

only affect procedural matters and may not diminish or augment substantive rights. *See* A.R.S. § 12–109(A). The right at issue here is substantive and, thus, it must derive from statute, not the Rules. *See State v. Fletcher*, 149 Ariz. 187, 191–92, 717 P.2d 866, 870–71 (1986) (describing a "substantive" law as one which creates, defines, or regulates rights); *Knutson v.*

We therefore conclude that, by granting petitioners the right to counsel, the legislature also mandated the right to *effective* assistance of counsel. Accordingly, we reverse the trial court's determination that petitioner was not entitled to effective assistance of counsel.

## B. Did Petitioner Receive Effective Assistance of Counsel?

 We next consider whether the trial court properly denied petitioner an evidentiary hearing on his claim of ineffective assistance of counsel. Petitioner is entitled to an evidentiary hearing if he presents a colorable claim. *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). A petitioner presents a colorable claim if, taking all allegations as true, he would be entitled to relief. *Id.* This determination is left to the discretion of the trial court and will not be reversed on appeal unless an abuse of discretion affirmatively appears. *See State v. Watton*, 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990); *Schrock*, 149 Ariz. at 441, 719 P.2d at 1057; *State v. Adamson*, 136 Ariz. 250, 265, 665 P.2d 972, 987, *cert. denied*, 464 U.S. 865, 104 S.Ct. 204, 78 L.Ed.2d 178 (1983).

 For petitioner to prove ineffective assistance of counsel, he must show that 1) his counsel's performance fell below an objective standard of reasonableness, as defined by the prevailing professional norms, and 2) this deficient performance resulted in prejudice to his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *State v. Salazar*, 173 Ariz. 399, 414, 844 P.2d 566, 581 (1992), *cert. denied*, — U.S. —, 113 S.Ct. 3017, 125 L.Ed.2d 707 (1993). The state argues that petitioner's counsel was not ineffective because the third-party affidavits provided by petitioner would have been insufficient to entitle him to post-conviction relief. Petitioner counters that his counsel's failure to submit third-party affidavits to the court constitutes ineffectiveness because similar affidavits were found by this court to establish a colorable claim in *State v. Wagstaff*, 161 Ariz. 66, 775 P.2d 1130 (App.1988), *modified on other grounds*, 164 Ariz. 485, 794 P.2d 118 (1990).

In *Wagstaff*, the petitioner had been convicted by a jury of molesting his seven-year-old son. In his petition for post-conviction relief, he asserted that he had newly discovered evidence consisting of affidavits from his wife and an unrelated person. The affidavits averred that the victim had recanted. The affidavits also supported the petitioner's contention that the victim's maternal grandmother had placed undue influence on the boy. Her alleged motive was an ongoing custody battle involving the victim. As in the instant case, no affidavit from the victim was submitted. This court concluded that, although third-party affidavits asserting a victim's recantation are generally considered impeachment evidence only, the affidavits nevertheless raised a colorable claim of newly discovered evidence.

In the present case, the trial court determined that *Wagstaff* did not apply for two reasons: 1) the victim here was older than the victim in *Wagstaff*, and 2) the court could not identify a motive for the victim here to lie. The court therefore found that petitioner's third-party affidavits did not warrant an evidentiary hearing.

We, however, conclude that the facts in *Wagstaff* are not materially different from those in this case. Petitioner here alleged that the victim had recanted. Although he did not submit an affidavit from the victim, he submitted two affidavits from third parties averring that the victim had told them that petitioner had not abused her. Further, both affidavits describe the victim's possible motive for lying: she wanted to sever the relationship between petitioner and her grandmother. They also assert that her reason for not coming forward with her recantation is her fear of being charged with perjury.

The trial court did not state why it felt the difference in the ages of the victims was a material distinction. Nor did the *Wagstaff* court state that the young age of the victim was important to its decision. Moreover, any implication that this victim's age better enables her to come forward at this time with her recantation is undermined by the sup-

ported allegations that she has not done so because she fears being charged with perjury.

We therefore conclude that petitioner has presented a colorable claim of ineffective assistance of counsel. If petitioner's allegations are true, counsel's failure to submit third-party affidavits in light of *Wagstaff* indicates his performance fell below the standard defined by the prevailing professional norms. *See, e.g.,* Ariz. Rules of Professional Conduct E.R. 1.1 ("Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."). We see no strategy to be served by not submitting the third-party affidavits, and prejudice is clearly shown here because, under *Wagstaff,* the third-party affidavits would have entitled petitioner to an evidentiary hearing on his newly discovered evidence claim.

Having presented a colorable claim of ineffective assistance of counsel, petitioner is entitled to an evidentiary hearing on that issue. *Cf. State v. Carver,* 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989) (refusing to "reverse a conviction on ineffective assistance of counsel grounds on direct appeal absent a separate evidentiary hearing concerning counsel's actions or inactions"). If, after the evidentiary hearing, the trial court determines that petitioner was denied effective assistance of counsel in his first petition, it must then conduct an evidentiary hearing on petitioner's newly discovered evidence claim.

## CONCLUSION

For the foregoing reasons, we find that petitioner did have the right to effective assistance of counsel and that he was entitled to an evidentiary hearing on that issue. We therefore grant review and remand to the trial court for proceedings in accordance with this opinion.

KLEINSCHMIDT, P.J., and EHRLICH, J., concur.