930 P.2d 464

**STATE of Arizona, Appellee,**

v.

**Mario Amado TERRAZAS, Appellant.**

**No. 1 CA–CR 95–0443.**

Court of Appeals of Arizona,
Division 1, Department C.

May 2, 1996.

Review Granted on Issue A and
Denied on other Issues Jan. 14, 1997.

---

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Crane McClennen, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

FIDEL, Presiding Judge.

Defendant Mario Amado Terrazas, found guilty of theft in a trial to the court, argues on appeal that the court improperly admitted and considered evidence of his prior bad acts. He presents an issue that remains unsettled in Arizona law: What quantum of proof is needed to admit evidence of a party's prior crime under Rule 404(b) of the Arizona Rules of Evidence?

Defendant contends that the State must present evidence sufficient to take the prior crime before a jury—that is, evidence sufficient to survive a directed verdict if Defendant were being tried for the prior crime. The State contends that its lesser burden is to present evidence from which a fact-finder might reasonably determine by a preponderance of the evidence that Defendant was involved with the prior crime.

We conclude that the State has advanced the proper standard, we uphold the admission of the challenged evidence, and we affirm Defendant's conviction.

I.

In May 1994, while searching Defendant's property with his consent, Phoenix police officers found parts to a stolen 1990 Chevrolet pickup truck. Although Defendant denied knowing of the presence of the stolen parts and insisted that someone else must have brought them to his property, Defendant was arrested and charged with theft.

Before trial, the State gave notice of its intent to prove Defendant knew of the stolen parts by linking him to three other Chevrolet truck thefts in the eighteen months prior to his arrest. Defendant moved to preclude such evidence pursuant to Rule 404(b) of the Arizona Rules of Evidence, 17A Ariz.Rev.

Stat.Ann.[1] As it was a bench trial, the court chose provisionally to hear the evidence and deferred ruling on admissibility until the end of the case. At the end of the case, the court ruled that it would consider only two of the three prior incidents. The court then stated that the evidence of those two incidents was crucial to its finding of guilt. On appeal, Defendant argues that the court erred in admitting evidence of one of the two prior thefts because the State produced insufficient proof that Defendant was, in fact, involved.

Specifically, Defendant challenges evidence relating to the theft of a Chevrolet pickup truck in December 1992. The truck, when stolen, contained several library books in a maroon backpack. Neither the truck nor its parts were recovered, but the books were found with the maroon backpack at Defendant's property during the May 1994 search. Defendant argues that the trial court improperly admitted and considered the backpack and books as evidence connecting him to the 1992 theft.

## II.

In *State v. Gulbrandson*, our supreme court listed four factors pertinent to admission of prior-acts evidence under Rule 404(b):

(1) the evidence must be admitted for a proper purpose, pursuant to rule 404(b), (2) the evidence must be factually or conditionally relevant, pursuant to rule 402 as enforced through rule 104(b), (3) the trial

court may exclude the evidence if its probative value is substantially outweighed by the danger of unfair prejudice, pursuant to rule 403, and (4) the objecting party must have the opportunity to receive a limiting instruction if requested, pursuant to rule 105.

184 Ariz. 46, 60, 906 P.2d 579, 593 (1995) (citations omitted).

Only the second of the *Gulbrandson* factors is debated in this case. Defendant does not argue that the trial court lacked a proper purpose (i.e., proof of intent, plan, knowledge, absence of accident) to admit evidence of the 1992 theft. Rather, he argues that the evidence insufficiently links him to the 1992 theft to make it relevant for any purpose. This argument thus poses the second *Gulbrandson* question: Whether the challenged evidence is admissible under Rule 402,[2] as enforced by Rule 104(b).[3]

The parties contest the standard that governs this question. Defendant invokes a standard that our supreme court established in *State v. Hughes*, 102 Ariz. 118, 426 P.2d 386 (1967). The court there stated that "proof both as to the commission of another crime and its commission by the defendant, must be by 'substantial evidence sufficient to take the case to a jury.'" *Id.* at 123, 426 P.2d at 391 (quoting *State v. Hyde*, 234 Mo. 200, 136 S.W. 316, 331 (1911)). The *Hughes* standard has been often cited and applied.[4] To date, however, our courts have not deter-

---

1. Rule 404(b) provides:

   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

2. Rule 402 provides:

   All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Constitution of Arizona or by applicable statutes or rules. Evidence which is not relevant is not admissible.

3. Rule 104(b) provides:

   When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or may admit it subject to, the introduction of evidence sufficient to sup-

port a finding of the fulfillment of the condition.

4. *See State v. Valles*, 162 Ariz. 1, 5, 780 P.2d 1049, 1053 (1989); *State v. McGann*, 132 Ariz. 296, 298, 645 P.2d 811, 813 (1982); *State v. Woods*, 121 Ariz. 187, 190, 589 P.2d 430, 433 (1979); *State v. Corcoran (Treadaway)*, 119 Ariz. 573, 576, 583 P.2d 229, 232 (1978); *State v. Marahrens*, 114 Ariz. 304, 307, 560 P.2d 1211, 1214 (1977); *State v. Mitchell*, 112 Ariz. 592, 594, 545 P.2d 49, 51 (1976); *State v. Armstrong*, 176 Ariz. 470, 473–74 n. 3, 862 P.2d 230, 233–34 n. 3 (App.1993); *State v. Pereida*, 170 Ariz. 450, 453, 825 P.2d 975, 978 (App.1992); *State v. LaGrand*, 138 Ariz. 275, 280, 674 P.2d 338, 342 (App.1983); *State v. Keith*, 24 Ariz.App. 275, 277, 537 P.2d 1333, 1335 (1975); *State v. Biddlecome*, 14 Ariz.App. 163, 165, 481 P.2d 533, 535 (1971); *see also State v. Fierro*, 166 Ariz. 539, 547, 804 P.2d 72, 80 (1990); *State v. Williams*, 182 Ariz. 548, 553, 898 P.2d 497, 502 (App.1995).

mined whether that standard was superseded by the adoption of the Arizona Rules of Evidence in 1977 or, more particularly, by the interpretation of Rule 104(b) of the Federal Rules of Evidence—the federal counterpart to Arizona's Rule 104(b)—in *Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

In *Huddleston*, the United States Supreme Court held that, in order to introduce otherwise-admissible prior-acts evidence under Federal Rule 104(b), the proponent need only present sufficient proof upon which a jury could reasonably conclude by a preponderance of the evidence that the other party committed the prior act. *Id.* at 690, 108 S.Ct. at 1501–1502. Arizona courts have recently cited *Huddleston* with approval in a number of opinions. *See, e.g., Gulbrandson,* 184 Ariz. at 60–61, 906 P.2d at 593–94; *State v. Atwood,* 171 Ariz. 576, 638, 832 P.2d 593, 655 (1992); *State v. Romero,* 178 Ariz. 45, 52, 870 P.2d 1141, 1148 (App.1993); *State v. Armstrong,* 176 Ariz. 470, 473 n. 2, 862 P.2d 230, 233 n. 2 (App.1993). However, none of those opinions has declared whether the *Hughes* standard is superseded by the standard that *Huddleston* attributes to Rule 104(b).[5] As that question is framed by the present case, we are obliged to address it here.

 We are not obliged to follow the United States Supreme Court's interpretations of evidentiary rules that are counterparts to our own. On such matters, Supreme Court rulings are instructive but not binding. *See State v. Bible,* 175 Ariz. 549, 580, 858 P.2d 1152, 1183 (1993). Two recent cases demonstrate, however, that the Arizona courts have tacitly chosen the *Huddleston* standard as appropriate to the application of Arizona's Rule 104(b). In *State v. Williams,* without explicitly disavowing *Hughes,* the Arizona Supreme Court cited *Huddleston* in support of its holding that prior-acts evidence is admissible "when a jury could reasonably believe from the evidence" that the

prior act occurred and that the other party was the actor. 183 Ariz. 368, 378, 904 P.2d 437, 447 (1995). Similarly, in *State v. Barr,* without explicitly disavowing *Hughes,* this court cited *Huddleston* for the proposition that prior-acts evidence could be admitted against a defendant if "the jury reasonably could conclude that the prior acts occurred and that [the defendant] was the actor." 183 Ariz. 434, 440, 904 P.2d 1258, 1264 (App. 1995). It is time, in our judgment, to make explicit what was left implicit in *Williams* and *Barr.* We hold that the *Hughes* standard has been superseded by the adoption of Rule 104(b), and that otherwise-admissible prior-acts evidence may now be introduced if the profferer produces sufficient proof to permit a fact-finder to conclude, by a preponderance of the evidence, that the prior act occurred and that the party against whom the evidence is offered committed the act.

### III.

 The remaining question is whether, under the *Huddleston* standard, evidence of the 1992 theft was properly admitted in this case. We conclude that it was. That a maroon backpack and library books, last seen in a Chevrolet pickup that was stolen in 1992, were found on Defendant's property, is circumstantial evidence of his knowledge of and/or complicity in that theft. Evidence linking Defendant to another Chevrolet pickup theft in that same period—the prior bad act that Defendant does not contest—permits the inference of motive, plan, and absence of accident. Ariz.R.Evid. 404(b). Together, this evidence sufficiently links Defendant to the 1992 theft, in our judgment, to meet the *Huddleston* standard.

Defendant's conviction and sentence are affirmed.

LANKFORD and SULT, JJ., concur.

**5.** In *Armstrong,* this court observed, but did not undertake to resolve, an apparent inconsistency between the *Hughes* and *Huddleston* standards. *See Armstrong,* 176 Ariz. at 473 n. 2, 862 P.2d at 233 n. 2. In *State v. Schurz,* 176 Ariz. 46, 51, 859 P.2d 156, 161 (1993), our supreme court likewise identified but declined to decide the question. In a footnote, however, Justice Martone stated his separate opinion that *Hughes* had been superseded by Arizona's adoption of the Rules of Evidence and his endorsement of the *Huddleston* standard as correct. *Id.* at n. 2.