NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

ROBERT EDWARD JOHNSON, *Petitioner.*

No. 1 CA-CR 14-0405 PRPC
FILED 6-9-2016

---

Petition for Review from the Superior Court in Maricopa County
No. CR 2010-123101-001
The Honorable Connie Contes, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Robert Edward Johnson, Buckeye
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Donn Kessler joined.

---

**D O W N I E**, Judge:

**¶1**        Robert E. Johnson seeks review of an order denying a petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32.1. Absent an abuse of discretion or error of law, we will not disturb the superior court's ruling on the petition. *See State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). Finding no such error, we grant review but deny relief.

**¶2**        Johnson pled guilty to one count of Attempted Second Degree Murder, a Class 2 Dangerous Felony, and one count of Attempted Aggravated Assault, a Class 3 Felony and Dangerous Crime Against Children (Domestic Violence Offense). The superior court sentenced Johnson to a 17.5-year term of imprisonment on the first count and to lifetime probation on the second count.

**¶3**        In 2011, Johnson filed his first notice of post-conviction relief. His appointed counsel in that matter stated she could not find any basis for relief. Johnson subsequently filed a pro-per petition for post-conviction relief in September of 2012. The State opposed that petition, and the superior court dismissed it in April 2013 in a detailed minute entry ruling.

**¶4**        In November 2013, Johnson filed an untimely and successive petition for post-conviction relief which the superior court dismissed in December of 2013. In April 2014, Johnson filed his final notice of post-conviction relief which was dismissed and is now before this Court. In that filing, Johnson sought relief because his counsel for the first petition was reportedly ineffective. He claimed he was entitled to relief based on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which he asserted was a significant change in the law. Specifically, Johnson argued that *Martinez* extended the right to effective assistance of counsel to an initial post-conviction relief proceeding.

**¶5**        The superior court concluded *Martinez* did not constitute a significant change in the law and summarily dismissed the petition.[1] Johnson timely petitioned this Court for review.

**¶6**        Ineffective assistance of prior post-conviction relief counsel is generally not a valid, substantive claim under Rule 32, *State v. Mata*, 185

---

[1]        This Court has held that *Martinez* did not constitute a significant change in state law entitling a petitioner to raise a claim of ineffective assistance of post-conviction counsel. *State v. Escareno-Meraz*, 232 Ariz. 586, 587, ¶ 6 (App. 2013).

Ariz. 319, 336–37 (1996); *State v. Krum*, 183 Ariz. 288, 291–92 (1995); *State v. Armstrong*, 176 Ariz. 470, 474–75 (App. 1993). However, if — as here — the initial post-conviction relief proceeding is an "of-right" proceeding, ineffective assistance of counsel *is* a cognizable claim. *State v. Pruett*, 185 Ariz. 128, 130–31 (App. 1995). *Martinez* did not affect this right, and Johnson could have raised the issue under existing case law -- *Pruett*. Thus, whether *Martinez* constituted a significant change in the law is immaterial. *See* Ariz. R. Crim. P. 32.4(a). *State v. Lopez*, 234 Ariz. 513, 515, ¶ 8 (App. 2014) (post-conviction relief claim time-barred, regardless of degree of constitutional magnitude, because it was not timely presented).

## CONCLUSION

¶7        For the reasons stated, we grant review but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: AA