NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSEPH E. SHREVE, JR., *Appellant.*

No. 1 CA-CR 16-0230
FILED 1-12-2017

Appeal from the Superior Court in Yavapai County
No. P1300CR201500427
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Craig Williams Attorney at Law PLLC, Prescott
By Craig Williams
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**H O W E**, Judge:

**¶1**      Joseph E. Shreve, Jr. appeals his convictions and sentences for nine separate counts of sexual exploitation of a minor under the age of fifteen. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**      In September 2014, a sergeant with the Yavapai County Sheriff's Office reviewed electronic logs generated by a software program designed to track child pornography. This software program received material it considered child pornography from a particular IP address in Prescott Valley. The software program downloaded two different files, titled "Little Pearl" and "Showgirls." Each file contained over 100 photographs of two different female children either masturbating or performing other sexual acts.

**¶3**      The sergeant subpoenaed records from the internet provider, which identified Shreve as the subscriber. Over the next couple of months, Shreve's residence was put under surveillance. In April 2015, the sergeant, along with other officers, executed a search warrant on Shreve's residence.

**¶4**      While other officers searched Shreve's residence, a detective administered *Miranda*[1] warnings before interviewing Shreve. Initially, Shreve denied intentionally uploading child pornography, stating that he was not interested in pornography. Shreve did admit, however, that he had seen a lot of naked children on the internet but only because the files were mislabeled. He further admitted that he was the only person who used his computers and that he kept pictures of naked children only because he liked their faces.

**¶5**      Meanwhile, the other officers searched Shreve's residence and found numerous computer hard drives, 137 DVDs, and an album full of photographs of naked children in an outside shed. Each of the 137 DVDs

---

[1]    *Miranda v. Arizona*, 384 U.S. 436 (1966).

had its own homemade label, which included a picture of the child in the video contained on that disc. Officers also found three notebooks inside Shreve's computer desk. Two of the notebooks had instructions on how to navigate certain websites on the internet. One of these websites included the website where the computer software initially found the two child pornography files. The other notebook was an index for all the child pornography files on Shreve's computers. In the index notebook, the children's names were alphabetized and followed by a corresponding computer file name. The officer's also found the "Little Pearl" file in one of Shreve's computers.

¶6        Confronted with these materials, Shreve admitted: (1) he started downloading child pornography about ten years ago, (2) he preferred girls aged 10–14, (3) he saved his favorite child pornography videos onto DVDs because he was unsure how long he would be able to afford the internet, (4) he made the homemade labels affixed on the DVDs, and (5) his internet sessions were a "way to get off without getting anyone else involved."

¶7        When officers reviewed the 137 DVDs, not all of them could be opened. The DVDs that were opened, however, contained either child pornography or child erotica. The detective testified that the average age of the children in the videos he viewed was 8–12 years old. Seven of these DVDs, the "Little Pearl" file, and a video found on Shreve's computer were sent to a specialist to determine the children's age. The specialist viewed all of the "Little Pearl" file, which included 103 images to help determine the age of the child because in some photos "you can't see anything other than the little girl's vagina." The specialist determined each of the girls to be under the age of 15. Shreve was indicted for the eight videos and the charged image from the "Little Pearl" file.

¶8        Before the bench trial, the State moved to introduce into evidence the numerous DVDs not associated with the charged offenses, the album full of photographs of naked children, and photographs of Shreve's computer hard drives. At the evidentiary hearing, the State argued that this evidence was admissible as other acts (1) under Arizona Rule of Evidence 404(b) to show Shreve's motive, intent, and lack of accident in committing the charged offenses and (2) under Rule 404(c) to show that Shreve has a character trait giving rise to an aberrant sexual propensity to commit the charged crime. During the hearing, the State admitted as exhibits photographs depicting the computers, DVDs, and related equipment and the photograph album of nude girls. Also, the detective testified that Shreve admitted to downloading the child pornography, creating back-up DVDs

of the computer videos, and making the labels on the DVDs. Over defense counsel's objection, the trial court granted the State's motion. The trial court found the other acts were intrinsic evidence because "the fact that [Shreve] had other visual depictions of either child pornography or child erotica, I think supports the charged offense." The trial court noted that because the other acts evidence was intrinsic, it did not need to consider admissibility under Rules 404(b) or (c). The trial court further ruled that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice under Rule 403 and therefore the evidence was admissible.

¶9          The bench trial began directly after the evidentiary hearing. To eliminate redundancy, both parties stipulated that the trial court could consider the testimony and exhibits from the hearing. Defense counsel, however, renewed his objection to the other acts evidence, noting that the objection had been previously overruled. The trial court allowed the detective to testify to the other acts evidence. The detective's recorded interview with Shreve was admitted into evidence. Later, while the sergeant was testifying about the charged "Little Pearl" photo, the State offered additional photos because the charged photograph just showed the child's vagina.

¶10         The trial court convicted Shreve of all nine counts and sentenced him to consecutive terms of ten years' imprisonment for each count. Shreve timely appealed.

## DISCUSSION

### 1. Admissibility of Other Acts Evidence

¶11         Shreve does not contest that the other acts evidence is admissible under Rule 404(c); he argues only that the other acts evidence is not intrinsic and is prejudicial under Rule 403. A trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion and will only be reversed upon a finding of clear prejudice. *State v. Granados*, 235 Ariz. 321, 328 ¶ 30, 332 P.3d 68, 75 (App. 2014). Appellate courts are required to "affirm the trial court's ruling if the result was legally correct for any reason." *State v. Carlson*, 237 Ariz. 381, 387 ¶ 7, 351 P.3d 1079, 1085 (2015). We need not determine if the other acts evidence is intrinsic because—as the State argues—whether or not it constituted intrinsic evidence, the evidence was admissible under Rule 404(c).

¶12         Under Rule 404(c), if the defendant is charged with a sexual offense under A.R.S. § 13–1420(C), the trial court may admit "evidence of other crimes, wrongs, or acts [] if relevant to show that the defendant had a

character trait giving rise to an aberrant sexual propensity to commit the offense charged." Rule 404(c)(1)(A) requires that the State prove by clear and convincing evidence that the defendant committed the other acts. *State v. Goudeau*, 239 Ariz. 421, 444 ¶ 59, 372 P.3d 945, 968 (2016). The clear and convincing evidence standard is satisfied when the truth of the contention is highly probable. *State v. Roque*, 213 Ariz. 193, 215 ¶ 75, 141 P.3d 368, 390 (2006). Additionally, subsection (c)(1)(B) allows the other acts evidence if the "commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged." Finally, to be admissible under Rule 404(c), the trial court must ensure that the evidentiary value of the other acts is not substantially outweighed by danger of unfair prejudice, confusion, or other factors mentioned in Rule 403. Ariz. R. Evid. 404(c)(1)(C); *see also* Ariz. R. Evid. 403. Therefore, if the other acts evidence violates Rule 403, it will be inadmissible under Rule 404(c).

¶13 Here, the record establishes by clear and convincing evidence that the other acts occurred and that Shreve committed them. During the evidentiary hearing, the detective testified that the computers, hard drives, and 137 DVDs were found in Shreve's bedroom. The detective further testified that the album with photographs of naked children was found in a shed outside of the house. Additionally, the detective testified that Shreve admitted to: (1) downloading child pornography about a decade earlier, (2) owning the computers and hard drives, (3) creating copies of the child pornography videos onto DVDs, and (4) affixing the homemade labels to the DVDs. This testimony more than satisfies the State's burden of proof. *See State v. Armstrong*, 176 Ariz. 470, 474, 862 P.2d 230, 234 (App. 1993) ("We therefore hold that an admission by [a] defendant to an uncharged offense may, if relevant and otherwise admissible, be admitted at trial absent independent proof of the offense.").

¶14 Sufficient evidence of the other acts exists to provide a reasonable basis that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the charged crimes. Shreve had DVDs that contained child pornography and admitted that his internet sessions were a "way to get off without getting anyone else involved." Further, Shreve told the detective that he made copies of the child pornography onto DVDs to prepare for a time when he could no longer afford the internet. The detective also testified that in the DVDs he was able to view, most of the children seemed to be 8–12 years old. Further, detectives found an entire album full of photographs of naked children. These other acts of possessing child pornography show that Shreve had a character trait that gave rise to

an aberrant sexual propensity to commit the charged acts of sexual exploitation of a minor.

¶15        Finally, other acts evidence under Rule 404(c) is admissible when its evidentiary value "is not substantially outweighed by danger of unfair prejudice, confusion of issues, or other factors mentioned in Rule 403." Ariz. R. Evid. 404(c)(1)(C). Here, after the trial court heard testimony and arguments about the other acts evidence, it found the evidence not overly prejudicial under Rule 403. "Because the trial court is in the best position to balance the probative value of challenged evidence against its potential for unfair prejudice, the trial court has broad discretion in this decision." *State v. Connor*, 215 Ariz. 553, 564 ¶ 39, 161 P.3d 596, 607 (App. 2007). The record supports the trial court's determination that the evidentiary value of the other acts evidence was not substantially outweighed by unfair prejudice, confusion of issues, or the other Rule 403 factors.

¶16        The factors to be considered when determining admissibility under Rule 404(c)(1)(C) all weigh in favor of admissibility. The acts were not remote in time. Shreve was found in the possession of both the charged and uncharged child pornography on the same day the officers executed the search warrant. The photographs of the other acts were also similar to the photographs supporting the charged offenses. The detective testified that all of the DVDs he viewed involved female children aged between 8–12 years old. Additionally, Shreve committed these other acts frequently for the ten years before he was apprehended. Shreve told the detective that he had been downloading child pornography for a decade. The officers executing the search warrant found 137 DVDs with homemade labels attached in Shreve's room and an album full of photographs of naked children in the shed outside the house. Accordingly, the trial court did not abuse its discretion by finding that the other acts evidence was not unfairly prejudicial.

¶17        Moreover, even if the trial court erred by admitting the other acts evidence, any error was harmless. "In deciding whether error is harmless, the question is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error." *State v. Leteve*, 237 Ariz. 516, 524 ¶ 25, 354 P.3d 393, 401 (2015). Any error was harmless in this case because overwhelming evidence supported Shreve's convictions. To convict Shreve, the State had to prove that Shreve knowingly possessed or exchanged visual depictions in which a minor is engaged in exploitive exhibition or other sexual conduct. *See* A.R.S.

§ 13–3553. The State produced evidence that Shreve admitted to downloading child pornography for ten years and to copying child pornography onto the DVDs found inside his bedroom. Shreve also admitted that he was the only person that used the computers in the house. Therefore, based on the overwhelming evidence that Shreve knowingly possessed child pornography, any error in admitting the other acts evidence was harmless. *See State v. Romero*, 240 Ariz. 504, 509 ¶ 9, 381 P.3d 297, 302 (App. 2016) (recognizing that improper admission of evidence is harmless when overwhelming evidence of guilt exists).

### 2. Eighth Amendment Violation

**¶18**        Shreve next argues that Arizona's sentencing statutes for child pornography cases is cruel and unusual punishment under the Eighth Amendment to the United States Constitution. The Arizona Supreme Court, however, has addressed this argument. *State v. Berger*, 212 Ariz. 473, 134 P.3d 378 (2006). Under A.R.S. § 13–705(D)'s sentencing guidelines, dangerous crimes against children, including sexual exploitation of a minor, has a range of 10–24 years' imprisonment. Further, a defendant convicted of multiple dangerous crimes against children is required to have the sentences run consecutively. A.R.S. § 13–705(M). The Arizona Supreme Court found that these sentences for dangerous crimes against children do not violate the Eighth Amendment's prohibition on cruel and unusual punishment. *Berger*, 212 Ariz. at 474 ¶ 1, 134 P.3d at 379. Shreve concedes that this Court is bound by decisions of the Arizona Supreme Court but insists nonetheless that *Berger* should be overturned. We have previously recognized that we are not permitted to disregard or overrule *Berger*. *State v. McPherson*, 228 Ariz. 557, 562 ¶ 13, 269 P.3d 1181, 1186 (App. 2012). Accordingly, Shreve's sentences do not violate the Eighth Amendment's ban on cruel and unusual punishment.

### CONCLUSION

**¶19**        For the foregoing reasons, we affirm Shreve's convictions and sentences.

