903 P.2d 596

STATE of Arizona, Respondent,

v.

Jack R. KRUM, Petitioner.

No. CR–95–0149–PR.

Supreme Court of Arizona,
En Banc.

Sept. 21, 1995.

Richard M. Romley, Maricopa County Attorney by Arthur G. Hazelton and Grant Woods, Arizona Attorney General by Paul J. McMurdie, Phoenix, for the State of Arizona.

Wisdom, Logan & McNulty by Charles M. McNulty, Phoenix, for Jack R. Krum.

Arizona Capital Representation Project by Denise I. Young, Tempe, Amicus Curiae.

FELDMAN, Chief Justice.

The state petitioned for review of a court of appeals' opinion holding that Defendant Jack Krum is entitled to an evidentiary hearing in this post-conviction relief ("PCR") proceeding. We granted review of the following issues:

>1. Did the Court of Appeals err as a matter of law by finding a statutory right to counsel in a post-conviction proceeding is enforceable by the doctrine of effective assistance?

>2. Did the Court of Appeals err by recognizing third party affidavits in this instance to establish a colorable claim of newly discovered evidence?

We have jurisdiction under Ariz. Const. art. 6, § 5(3), and we now vacate the court of appeals' opinion and affirm the trial court's order dismissing Krum's Rule 32 petition.

## FACTS AND PROCEDURAL HISTORY

In 1988 Krum pleaded no contest to the attempted sexual abuse of his thirteen-year-old step granddaughter.[1] After the court of appeals affirmed his conviction on direct appeal,[2] Krum filed a petition for post-conviction relief claiming that the victim recanted her allegations. Ariz.R.Crim.P. 32.1(e). The trial court appointed counsel to supplement the petition[3] but later summarily dismissed it because nothing corroborated the alleged recantation. Krum petitioned for review, claiming that his appointed post-conviction counsel was ineffective because he did not obtain and submit an affidavit from Krum's wife corroborating the recantation. The

---

1. As part of the plea agreement, the state dropped several other charges involving sexual abuse of the victim. The record also shows that Krum had pleaded guilty and received probation in Iowa for a similar offense against this same victim some two years earlier. He admitted the underlying conduct in that case.

2. *State v. Krum,* 1 CA–CR 90–0276 (Ariz.App. July 26, 1990) (Mem.). Krum entered his plea before 1992, when we amended the Rules of Criminal Procedure to provide that defendants who plead guilty or no contest waive direct appeal and may seek appellate review only by post-conviction proceedings. Ariz.R.Crim.P. 17.1(e). Because Krum had a direct appeal with the assistance of counsel, the Rule 32 proceedings in the present case are not appeals in any sense of the word. *Cf. Montgomery v. Sheldon,* 181 Ariz. 256, 889 P.2d 614, *supplemental opinion,* 182 Ariz. 118, 893 P.2d 1281 (1995).

3. At the time of Krum's first Rule 32 petition, A.R.S. § 13–4235(B) and Ariz.R.Crim.P. 32.5(b) governed appointment of counsel in Rule 32 proceedings. Under these provisions, the defendant filed a *pro se* petition and could then request that counsel be appointed to revise it and file an amended petition. In 1992 both the statute and the rule were revised to provide for appointment of counsel upon the filing of a first notice of post-conviction relief. *See* A.R.S. § 13–4234(C) (Supp.1994) and Ariz.R.Crim.P. 32.4(c). The legislature, however, recently amended § 13–4234 once again. *See infra* Part A.

court of appeals accepted review but denied relief in a memorandum decision, noting that the ineffective assistance argument would have to be raised in another PCR petition. *State v. Krum*, No. 1 CA–CR 92–560–PR (Ariz.App. Dec. 8, 1992).

Krum then filed a second Rule 32 petition that included third-party affidavits from his wife and natural grandson claiming that the victim recanted. Apparently as a defense to an anticipated argument that the recantation claim had previously been adjudicated and was therefore precluded under former Rule 32.2(a)(2), Krum also renewed his claim that his appointed counsel had ineffectively presented the issue in the first Rule 32 petition. The state argued both that the claim was precluded and that the affidavits did not warrant an evidentiary hearing. Reasoning that there is no constitutional right to counsel in PCR proceedings, the trial court rejected the ineffective assistance claim. The judge added, however, that even if cognizable "[i]n any event, on these facts, the Court does not conclude that former counsel was ineffective." Addressing the underlying new evidence claim, the trial court concluded that Krum's affidavits did not establish a colorable claim that the victim recanted and summarily dismissed the petition.

The court of appeals granted Krum's petition for review, holding that the statutory right to counsel in a first Rule 32 proceeding under former A.R.S. § 13–4235(B) and § 13–4234(C) includes the right to effective assistance. *State v. Krum*, 182 Ariz. 108, 111–12, 893 P.2d 759, 762–63 (App.1995). The court reasoned that the right would otherwise be illusory and that the legislature could not have intended such a "meaningless gesture." *Id.* Disagreeing with the trial court, the court of appeals concluded that the third-party affidavits Krum presented with his second Rule 32 petition would have entitled him to an evidentiary hearing on his new evidence claim under *State v. Wagstaff*, 161 Ariz. 66, 775 P.2d 1130 (App.1988), *modified*

*on other grounds*, 164 Ariz. 485, 794 P.2d 118 (1990). Reasoning that counsel's failure to obtain and submit those affidavits with the first Rule 32 petition was thus ineffective unless done to further some undisclosed strategic motive, the court held that Krum was entitled to an evidentiary hearing to show the alleged ineffectiveness. *Krum*, 182 Ariz. at 113, 893 P.2d at 764. The court concluded that if Krum made that showing, he would then be entitled to another evidentiary hearing on the merits of the new evidence claim. *Id.*

## DISCUSSION

### A. Effective Assistance in Post-Conviction Proceedings

■ Although there is intuitive appeal to the court of appeals' conclusion that the statutory right to counsel in post-conviction proceedings necessarily includes a right to reasonably competent representation, we do not decide it here for several reasons. First, the legislature has significantly altered the statutory landscape since the court of appeals issued its opinion, eliminating the statutory right to appointed counsel in post-conviction proceedings under A.R.S. § 13–4234(C). 1995 Ariz.Sess.Laws ch. 198, § 5. We note, however, that A.R.S. § 13–4234(C) was not the sole source of appointed counsel for Rule 32 petitioners. Well before the legislature codified a right to counsel in first post-conviction proceedings, the Rules of Criminal Procedure provided for appointed counsel. *See* Ariz.R.Crim.P. 32.5(b) (1973).[4] The court of appeals recognized this, partly supporting its conclusion that Krum was entitled to an evidentiary hearing by referring to the comment to current Rule 32.2(a)(3). *See Krum*, 182 Ariz. at 111, 893 P.2d at 762. Nevertheless, because the court of appeals relied primarily on the now-repealed statutory provision, reviewing its analysis here would serve little useful purpose.

4. The rules originally provided for appointed counsel "to permit a full decision on the petition as quickly as possible and to equalize the position of indigent and non-indigent petitioners." *See* Ariz.R.Crim.P. 32.5(b) cmt. (1973). Because those purposes remain valid today, we retained a modified version of the rule providing for appointment of counsel for first-time petitioners when we amended the PCR rules in 1992. *See* Ariz.R.Crim.P. 32.4(c) and 32.5 cmt. (Supp. 1994).

■ Additionally, post-conviction proceedings generally provide a remedy only for *constitutional* errors involving the defendant's trial or direct appeal of right. Krum does not claim, however, that his trial or appellate counsel was ineffective. His only substantive Rule 32 claim is newly discovered evidence—the alleged recantation. Indeed, ineffective assistance on a prior PCR petition is not a valid, substantive claim under Rule 32 because, for petitioners like Krum, there is no federal constitutional right to effective counsel in a PCR proceeding.[5] Thus, even if a statutory right to effective assistance existed, Rule 32 would not provide a remedy for its violation. *See* Ariz.R.Crim.P. 32.1 (listing limited claims cognizable under Rule 32).

■ Krum nevertheless argues that the comment to the revised Rule 32 supports recognizing a claim for ineffective assistance at a post-conviction proceeding. The comment says that if "defense counsel's failure to raise an issue at trial, on appeal or in a previous collateral proceedings [sic] is so egregious as to result in prejudice as that term has been constitutionally defined, such failure may be raised by means of a claim of ineffective assistance of counsel." Ariz. R.Crim.P. 32.2(a)(3) cmt. (Supp.1994). The court of appeals believed, however, that a defendant could at most use the ineffective assistance claim contemplated by the rule comment to overcome an assertion of procedural bar by the state and have the trial court reach the merits of the underlying claim for post-conviction relief. We need not address the meaning of the comment because in this case there was no such procedural hurdle; despite the state's preclusion argument, the trial court considered the merits of

*both* Krum's first and second Rule 32 petitions. Whether Krum's first Rule 32 counsel was deficient[6] for not obtaining corroborating affidavits is therefore irrelevant. Because Krum's second Rule 32 counsel submitted affidavits and because the trial court ruled on the merits of the new evidence argument, Krum's claim regarding the deficiencies of his first Rule 32 counsel is not relevant. Thus, we need not address the ineffective assistance issues or the comment to Rule 32.2. *State v. Wood*, 180 Ariz. 53, 72, 881 P.2d 1158, 1177 (1994) (noting that courts generally should not decide issues unnecessary to the disposition of an appeal), *cert. denied*, — U.S. ——, 115 S.Ct. 2588, 132 L.Ed.2d 836 (1995). Nor is there any need for an evidentiary hearing on the subject. The single dispositive issue in this case is whether the trial judge properly decided the merits. Thus, we turn to whether the third-party affidavits eventually filed were sufficient to entitle Krum to an evidentiary hearing on the merits of his post-conviction claim.

## B. Third–Party Affidavits and Recanted Testimony

### 1. Legal standards

■ A Rule 32 petitioner is entitled to relief if he shows that "[n]ewly discovered material facts *probably* exist and such facts *probably* would have changed the verdict or sentence." Ariz.R.Crim.P. 32.1(e) (emphasis added). To obtain an evidentiary hearing, a petitioner must make a colorable showing that the allegations, if true, would have changed the verdict. *State v. D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988). Combining these rules, the inquiry is whether Krum's affidavits plausibly show that the

---

**5.** The United States Supreme Court has made clear that, at least when a defendant is entitled to a direct appeal with the assistance of counsel, there is no constitutional right to counsel or effective assistance in post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 755, 111 S.Ct. 2546, 2567–68, 115 L.Ed.2d 640 (1991); *Wainwright v. Torna*, 455 U.S. 586, 587, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982); *accord State v. Armstrong*, 176 Ariz. 470, 474–75, 862 P.2d 230, 234–35 (App.1993).

**6.** It is far from clear that he was. There is a strong presumption that counsel act with reasonable competence. *State v. Walton*, 159 Ariz. 571, 592, 769 P.2d 1017, 1038 (1989), *aff'd*, 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990). The record reveals that counsel on the first petition specifically told Krum of the need to support the petition with an affidavit from the victim. Nothing in the record, however, shows that counsel was aware of these third-party affiants' claims.

victim may have recanted and, if so, whether that fact probably would have entitled Krum to relief. Because these third-party affidavits show no personal knowledge, they are, at most, hearsay evidence rather than direct evidence of recantation.[7] Standing alone such affidavits will seldom entitle a Rule 32 petitioner to relief. *See State v. Mauro*, 159 Ariz. 186, 207, 766 P.2d 59, 80 (1988); Ariz. R.Crim.P. 32.1(e) cmt. Because the trial court is most familiar with the defendant and the proceedings below, we review its decision whether this type of post-conviction relief petition presents a colorable claim only on a discretionary standard. *State v. Watton*, 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990). Finally, we give particular weight to the trial court's judgment in cases involving recanted testimony. *State v. Hickle*, 133 Ariz. 234, 238, 650 P.2d 1216, 1220 (1982) (noting that trial judges are "in the best position to evaluate [recanted testimony's] credibility and effect").

## 2. Interpreting Wagstaff

After being convicted of molesting his seven-year-old son, the defendant in *Wagstaff* filed a Rule 32 petition alleging that his son had recanted his allegations. He supported his claim with affidavits from his wife and an unrelated third-party averring that the victim admitted lying. The petition and affidavits alleged that in an attempt to win custody, the victim's maternal grandmother, with whom the victim had been living out of state at the time of the allegations, coerced the victim to accuse his father. The trial judge summarily denied the petition, but a divided court of appeals reversed and ordered an evidentiary hearing. The majority acknowledged the general rule that third-party affidavits constitute only impeachment evidence and cannot support a new evidence claim. *See State v. Taylor*, 112 Ariz. 68, 84, 537 P.2d

938, 954 (1975), *cert. denied*, 424 U.S. 921, 96 S.Ct. 1127, 47 L.Ed.2d 328 (1976). However, the majority was persuaded by evidence of the grandmother's influence. *Wagstaff*, 161 Ariz. at 72, 775 P.2d at 1136. The majority concluded that "[u]nder these circumstances ... petitioner has presented a colorable claim." *Id.*[8] Thus, properly viewed, *Wagstaff* only recognized a limited exception to the general rule that third-party affidavits alone do not entitle a petitioner to an evidentiary hearing.

The trial court here distinguished *Wagstaff*, stating that it could discern no plausible motive for the victim to lie. It also noted that the victim here was much older and presumably less subject to coercion than Wagstaff's victim. The court concluded that Krum's affidavits did not constitute a colorable claim that the victim had recanted or that Krum would probably be entitled to relief. The court of appeals, by contrast, believed that *Wagstaff* was "not materially different." *Krum*, 182 Ariz. at 112, 893 P.2d at 763. However, the court's reasoning on this point is unclear; it discussed the affidavits under the prejudice prong of its ineffective assistance analysis and concluded that "prejudice is clearly shown here because, under *Wagstaff*, the third-party affidavits would have entitled petitioner to an evidentiary hearing." *Id.* at 113, 893 P.2d at 764. As a result, it is difficult to discern whether the court of appeals afforded appropriate discretion to the trial judge's conclusions.

## 3. Standards for Recanted Accusations

■ In essence, this case is about the showing a convicted defendant must make before being empowered to compel an unwilling victim to testify in a post-conviction evidentiary hearing. *See* Ariz.R.Crim.P. 32.8(a) (granting Rule 32 petitioners "the right to be

---

7. A recantation is a formal and public withdrawal or repudiation of a prior statement by the speaker of that statement. BLACK'S LAW DICTIONARY 1267 (6th ed. 1990). By contrast, the third-party affidavits in this case seem to be merely hearsay assertions that the victim retracted her accusations. Such testimony would generally be ad-

missible only for impeachment. *See Wagstaff*, 161 Ariz. at 72, 775 P.2d at 1136.

8. Then–Judge Corcoran dissented, noting the inherent unreliability of recanted testimony and concluding that the trial court acted within its discretion. *Id.* at 72–73, 775 P.2d at 1136–37.

present and to subpoena witnesses" at evidentiary hearings). In addressing this issue, we are mindful that the people of Arizona and the Arizona Legislature recently established important new rights for crime victims. Ariz. Const. art. 2, § 2.1; A.R.S. § 13–4433 (Supp.1994). Chief among them is the right to refuse to submit "to an interview on any matter ... that is conducted by the defendant, the defendant's attorney or an agent of the defendant." A.R.S. § 13–4433(A). We recognize, moreover, that safeguarding the victim's interests is especially important in cases of child sexual abuse. *See Maryland v. Craig,* 497 U.S. 836, 855, 110 S.Ct. 3157, 3168–69, 111 L.Ed.2d 666 (1990) (citing authorities documenting psychological trauma suffered by sexually abused children who must face defendants in court). Although not controlling here, in light of these provisions and concerns, we refuse to embrace a broad rule that third-party affidavits alleging that the victim recanted automatically entitle a Rule 32 petitioner to an evidentiary hearing. Indeed, as noted, *Wagstaff* itself limited its holding to the unique facts of that case. 161 Ariz. at 72, 775 P.2d at 1136.

■ Courts have long been skeptical of recanted testimony claims, even when, unlike this case, professed by the accuser in court. In *State v. Sims* we noted, perhaps more broadly than appropriate, that:

> There is no form of proof so unreliable as recanting testimony. In the popular mind it is often regarded as of great importance. Those experienced in the administration of the criminal law know well its untrustworthy character.

99 Ariz. 302, 310, 409 P.2d 17, 22 (1965) (quoting *People v. Shilitano,* 218 N.Y. 161, 112 N.E. 733, 736 (1916)); *accord State v. Fisher,* 141 Ariz. 227, 251, 686 P.2d 750, 774 (1984); *see also State v. D.T.M.,* 78 Wash. App. 216, 896 P.2d 108, 111 (1995) (stating that in-court recantations are more credible

than affidavits). Because of courts' historic suspicion of such evidence, the "credibility of the recanted evidence is a controlling factor" best determined by the trial judge. *Sims,* 99 Ariz. at 310, 409 P.2d at 22. Additionally, clinical research suggests that child sexual abuse victims often falsely recant their accusations. Roland Summit, *The Child Sexual Abuse Accommodation Syndrome,* 7 CHILD ABUSE & NEGLECT 177, 188 (1983).

■ That is not to say that a third-party affidavit can never constitute a colorable claim that a victim of sexual abuse recanted. *Wagstaff,* 161 Ariz. at 72, 775 P.2d at 1136. Circumstances will of course vary, but if an affidavit appears particularly credible or reliable, or if other evidence tends to support the affidavit or the recantation, a trial court should order an evidentiary hearing. In all events, we will accord substantial weight to the discretion of trial courts in these matters.

### 4. Application to this Case

■ After examining the record here, we conclude that the trial judge acted well within his discretion in concluding that these third-party affidavits do not present a colorable claim that the victim recanted, was probably lying in the incident report, and therefore Krum would not be entitled to relief. *See D'Ambrosio,* 156 Ariz. at 73, 750 P.2d at 16. The trial court here obviously did not find the affidavits credible. We in turn view them as quite unconvincing. Leaving aside their possible bias, neither Krum's wife nor his grandson directly claims to have heard the victim recant. Their affidavits are conclusory and completely lacking in detail.[9] They do not say when or where or to whom the victim supposedly recanted. In short, because they lack any reliable factual foundation, the trial court could properly discount the affidavits. *See Shepard v. United States,* 533 A.2d 1278, 1283 (D.C.1987) (holding that under a statute similar to our Rule 32, trial courts may deny evidentiary hearings if "the

9. Other than ultimate conclusions, the affidavits provide no useful information. For example, the essence of the affidavit of Krum's wife is that she "has personal knowledge that the accusations

were contrived and conceived in falsehood, perpetrated by [the victim] ... and that the conviction and ultimate sentence imposed is wrongfully sanctioned."

allegations of the [post-conviction] motion itself are vague and conclusory [or] wholly incredible").

It is also significant that other evidence in the record before the trial judge suggests that the abuse actually occurred. *See State v. Landon,* 69 Wash.App. 83, 848 P.2d 724, 728 (1993) (trial courts have greater discretion to deny evidentiary hearing if independent evidence corroborates victim's accusations). Krum admitted a prior act in which he sexually abused this victim in Iowa. He pleaded no contest to abusing her this time.[10] Before his sentencing in this case, Krum made threatening phone calls to the victim. At the sentencing hearing, a therapist who had been treating the victim for over a year testified that she was a classic molestation victim. Given the complete lack of reliable evidence that the victim recanted and the substantial evidence that the abuse occurred, the trial judge certainly did not abuse his discretion in dismissing the petition. *See State v. Marcum,* 166 Wis.2d 908, 480 N.W.2d 545, 555 (1992) (holding that absent other exculpatory evidence, a child sexual assault victim's recantation generally does not merit post-conviction relief); *cf. Landon,* 848 P.2d at 730 (ordering evidentiary hearing only under "unusual combination of circumstances" in which accusation appeared unreliable and recantation bore "indicia of reliability").

■ In his second Rule 32 petition, Krum also complains that an evidentiary hearing is his only recourse because the Victim's Bill of Rights precludes him from contacting the victim to even request an affidavit. A.R.S. § 13–4433(A). The Victim's Bill, however, was not in effect at the time of Krum's first Rule 32 petition in 1991. Mrs. Krum's unsubstantiated assertion that the victim agreed to admit to the county attorney that she lied but changed her mind because she feared perjury charges provides the only evidence of an attempt to contact the victim.

An equally if not more plausible explanation, of course, is that the victim has in fact never recanted. Krum's complaint is also only partly true because he can request, but apparently has not, that the state ask the victim to consent to an interview. A.R.S. § 13–4433(B). Trial courts should of course consider the limitations imposed on defendants by the Victim's Bill as one of many factors in determining whether to grant an evidentiary hearing. On this record, however, the Victim's Bill—designed to shield victims—does not aid Krum.

### DISPOSITION

We need not decide whether a claim of ineffective assistance is a defense to issue preclusion or whether there existed a statutory right to effective assistance of counsel in post-conviction relief proceedings because the trial court here ruled on the merits of both of Krum's Rule 32 petitions. Before being allowed to force his unwilling victim to appear at an evidentiary hearing, Krum must come forward with some substantial evidence in support of his recantation claim. Krum failed to do so. The trial court thus properly dismissed his second Rule 32 petition without an evidentiary hearing. We therefore vacate the court of appeals' opinion and affirm the trial court's order dismissing the petition.

MOELLER, V.C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.

---

10. Krum suggests that he only agreed to the current plea because he could not risk trial on multiple charges given the prior conviction. Krum was 60 years old at the time, however, and knew that he likely was facing 15 years' flat time under the plea—tantamount to a life sentence. If he truly were innocent, he had little to lose by foregoing the plea and going to trial.