NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ALEXANDER CARATACHEA, *Petitioner*.

No. 1 CA-CR 13-0664 PRPC
FILED 9-24-2015

Petition for Review from the Superior Court in Maricopa County
No. CR2007-009027-001
CR2008-006084-001
CR2008-006586-001
CR2008-006591-001
The Honorable Jeanne Garcia, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By   Susan L. Luder
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Consuelo M. Ohanesian
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

---

**W I N T H R O P**, Judge:

¶1        Petitioner, Alexander Caratachea, petitions this court for review of the dismissal of his petition for post-conviction relief, filed pursuant to Rule 32, Ariz. R. Crim. P.  After considering the petition for review, we grant review and deny relief for the reasons stated below.

¶2        This matter involves four consolidated cases in which Caratachea pled guilty to several counts of armed robbery in 2008.  We detail the procedural history of those cases to give context to our decision.  In case "A," Caratachea pled guilty to two counts of armed robbery, and the trial court sentenced him to concurrent terms of twenty-one years' imprisonment.  In case "B," Caratachea pled guilty to one count of armed robbery, and the trial court sentenced him to twelve years' imprisonment.  In case "C," Caratachea pled guilty to two counts of armed robbery, and the trial court sentenced him to concurrent terms of thirty-five years' imprisonment.  Finally, in case "D," Caratachea pled guilty to armed robbery, and the trial court sentenced him to twelve years' imprisonment.  The trial court ordered all six sentences to run concurrently.

¶3        Caratachea filed a timely notice of post-conviction relief "of-right," but only identified cases A and B in the caption and/or within the body of the notice.  The trial court in turn appointed counsel to represent Caratachea in those two cases only.  Appointed counsel eventually informed the court that he could find no colorable claims for relief.  Shortly thereafter, Caratachea moved to amend his notice of post-conviction relief to include all four cases, noting that his omission of cases C and D was an oversight.  Caratachea did not raise any additional issues or provide any additional argument, but sought only to add those two additional case numbers.  The record on review contains no ruling on this motion.  Regardless, approximately nine months later, in January 2010, the trial court summarily dismissed the notice after Caratachea failed to file a *pro se* petition as ordered by the court.  That minute entry referenced only cases A and B.

¶4        Caratachea immediately filed a second notice of post-conviction relief, in which he identified all four cases.  In the accompanying petition, Caratachea raised a number of claims of ineffective assistance of trial counsel.  Among the many claims, Caratachea argued his counsel was ineffective when he failed to adequately communicate and/or maintain sufficient contact with Caratachea; when he failed to adequately explain to Caratachea the State's cases and the evidence against him; when he failed to adequately explain and/or timely provide disclosed evidence to Caratachea despite Caratachea's requests to see the evidence; and when counsel failed to adequately communicate with Caratachea about the State's plea offers and/or explain those offers to Caratachea.  The trial court summarily dismissed the second post-conviction relief proceedings in February 2010.

¶5        In June 2011, Caratachea filed his third notice of post-conviction relief.  The caption of that notice identified only cases A and B, but the accompanying argument addressed case C as well.  The trial court summarily dismissed the notice in August 2011.  Several months later, however, the court granted Caratachea's motion for reconsideration in part and allowed Caratachea to proceed with the claim that counsel who represented Caratachea in his "of-right" post-conviction relief proceeding was ineffective when he failed to present claims of ineffective assistance of trial counsel.  *See State v. Krum*, 183 Ariz. 288, 292, 903 P.2d 596, 600 (1995) (recognizing a defendant has a right to effective assistance of counsel in a post-conviction of-right proceeding).  The court did not find the claim was timely, but simply allowed Caratachea to proceed.  A different judge then appointed counsel to represent Caratachea, but did so only in cases A and B as identified in the caption of the notice of post-conviction relief.  Ten months later, counsel moved for appointment in cases C and D as well, and the court granted the motion.

¶6        Through appointed counsel, Caratachea ultimately filed a successive petition for post-conviction relief in all four cases.  He raised several claims of ineffective assistance of his post-conviction relief of-right counsel.  The trial court summarily dismissed the petition, and Caratachea now seeks review.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶7        Caratachea contends his post-conviction relief of-right counsel was ineffective when counsel failed to present claims that Caratachea's trial counsel was ineffective when he failed to adequately communicate and/or maintain sufficient contact with Caratachea; when he failed to adequately explain to Caratachea the State's plea offers and the

evidence against him; and when he failed to adequately explain and/or timely provide disclosed evidence to Caratachea. Caratachea supports his claims with information that indicates the State Bar placed Caratachea's trial counsel on probation in June 2011 for what Caratachea describes as similar conduct in another case.[1] Caratachea further argues that post-conviction counsel was aware of his claims because he provided that counsel with copies of letters he sent to the State Bar, in which he complained about trial counsel's conduct even before he accepted the plea offers.

¶8      We deny relief. Caratachea could have raised these claims in his second notice and petition for post-conviction relief in 2010. In general, claims a defendant could have raised in an earlier post-conviction relief proceeding are precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions provided under Rule 32.2(b) apply here. That the trial court allowed the claims to "proceed" does not mean, as argued by Caratachea, that the claims are timely or they cannot now be precluded. The same court that allowed this matter to proceed ultimately determined the claims were precluded as untimely. Further, any court on review may find an issue is precluded. Ariz. R. Crim. P. 32.2(c); *State v. Peek*, 219 Ariz. 182, 183, ¶ 4, 195 P.3d 641, 642 (2008).

¶9      We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED : ama

---

[1]      Caratachea did not provide copies of any documents from the disciplinary proceedings, but simply provided information from the State Bar webpage. Further, that information does not specifically indicate when the conduct in the other case occurred. Although the information references three "File Nos.," the information addresses only one matter and one client.