NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KIMMIE DWAYNE BAKER, *Petitioner*.

No. 1 CA-CR 14-0853 PRPC
FILED 2-14-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-005802-001 DT
The Honorable Robert L. Gottsfield, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Kimmie Dwayne Baker, Avondale
*Petitioner*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Margaret H. Downie joined.

---

**B E E N E**, Judge:

**¶1**    Kimmie Dwayne Baker petitions for review of the dismissal of his petition for post-conviction relief. We review the summary dismissal of a post-conviction relief proceeding for abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006). We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**    Baker was convicted by a jury of burglary in the third degree and theft. The superior court suspended sentencing and placed Baker on three-years' supervised probation with the condition that he serve a ninety-day jail term. This court affirmed the convictions and disposition but amended the sentencing order to vacate the requirement that Baker pay for DNA testing. *State v. Baker*, 1 CA-CR 12-0714 (Ariz. App. Mar. 25, 2014) (mem. decision).

**¶3**    Baker filed a timely notice of post-conviction relief. After appointed counsel notified the superior court that counsel found no basis for post-conviction relief, Baker filed a *pro se* petition for post-conviction relief, alleging claims of ineffective assistance of appellate and post-conviction relief counsel and failure by the sentencing judge to include the pre-sentence report (PSR) in the court record. Ruling that none of the claims presented a material issue of fact or law that would entitle Baker to relief, the superior court dismissed the petition.

**¶4**    The only issues Baker raises in his petition for review pertain to the failure of the sentencing judge to file the PSR in the court record. As we understand Baker's claim, he asserts the PSR -- if it had not have been "hidden" by the sentencing judge -- would have provided him exculpatory evidence in regards to his sentencing and appeal in that the probation officer who prepared the PSR referenced a Tempe Police Department report number for the investigation of Baker's offenses, but the number listed is actually for an impounded vehicle case. The record reflects, however, that the error by the Tempe Police Department in its initial assignment of an

incorrect report number for the investigation of Baker was known to Baker prior to trial as it was the subject of a pretrial motion. Indeed, in deciding the motion, the superior court specifically ruled that Baker was permitted to raise issues at trial "through exhibits or through witnesses as to [the] investigative report numbers and any errors associated therewith." Hence, the error in the departmental report number cannot be viewed as constituting newly discovered exculpatory evidence. *See* Ariz. R. Crim. P. 32.1(e) (listing elements of claim of newly discovered evidence).

**¶5** To obtain an evidentiary hearing, a petitioner must make a colorable showing that the allegations, if true, would have changed the outcome. *State v. Krum*, 183 Ariz. 288, 292, 903 P.2d 596, 600 (1995). As the superior court correctly noted in ruling that the arguments raised in the petition for post-conviction relief failed to present a colorable claim for relief, no allegation or showing is made by Baker as to how the alleged error in the report number listed in the PSR or the failure of the sentencing judge to file the PSR in the court record affected either his sentencing or the decision on his appeal. Thus, there was no abuse of discretion by the superior court in summarily dismissing the petition for post-conviction relief.

**¶6** In his reply to the State's response, Baker seeks to resurrect the claims he made to the superior court regarding ineffective assistance of appellate and post-conviction relief counsel. We do not address these claims because Baker did not raise them in his petition for review. *State v. Watson*, 198 Ariz. 48, 51, ¶ 4, 6 P.3d 752, 755 (App. 2000); *see also* Ariz. R. Crim. P. 32.9(c)(1)(ii) (requiring petition for review to include statement of issues petitioner wishes to present to appellate court).

**¶7** Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA