NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

FOX JOSEPH SALERNO, *Petitioner*.

No. 1 CA-CR 14-0728 PRPC
FILED 5-18-2017

Petition for Review from the Superior Court in Maricopa County
No. CR 2000-017362
The Honorable Jo Lynn Gentry, Judge

**REVIEW GRANTED; RELIEF GRANTED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Fox Joseph Salerno, Buena Vista, Colorado
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1          Petitioner, Fox Joseph Salerno, petitions for review of the summary dismissal of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and relief.

¶2          In 2001, a jury convicted Salerno of theft, a class three felony, and the superior court sentenced him to an aggravated twenty-year prison term.  Between 2003 and 2009, Salerno filed multiple petitions for post-conviction relief, all of which were unsuccessful.  In addition to these proceedings in the criminal action, Salerno also sought relief through civil court proceedings.  A recurring theme in several of the petitions for post-conviction relief and the civil proceedings was Salerno's claim that the victim and the prosecutor withheld evidence that would establish his innocence of the theft charge.

¶3          In the instant proceeding for post-conviction relief, Salerno filed a petition alleging claims of newly discovered evidence based on documents found in the prosecutor's file after Salerno gained access to the file in 2012 through a 42 U.S.C. § 1983 action against the Maricopa County Attorney's Office.  Among the documents found in the file were undisclosed business records that Salerno alleges support his defense that he paid for the merchandise that was the subject of the theft charge and a copy of a letter from the prosecutor to his trial counsel offering a favorable plea agreement that Salerno alleges was never presented to him by his counsel for consideration.  The superior court summarily dismissed the petition, ruling Salerno failed to present any facts, records, or other evidence why these facts could not have been produced at the trial phase through reasonable diligence.

¶4          In his petition for review, Salerno argues the superior court erred in summarily dismissing his claims of newly discovered evidence without an evidentiary hearing.  We review the dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006).  An abuse of discretion is "an exercise of discretion which is manifestly unreasonable, exercised on untenable grounds or for untenable reasons." *State v. Woody*, 173 Ariz. 561, 563, 845 P.2d 487, 489 (App. 1992) (citation omitted).

¶5          "The purpose of an evidentiary hearing in the Rule 32 context is to allow the court to receive evidence, make factual determinations, and resolve material issues of fact." *State v. Gutierrez*, 229 Ariz. 573, 579, ¶ 31,

2

278 P.3d 1276, 1282 (2012) (citations omitted). Summary dismissal of a petition for post-conviction relief without an evidentiary hearing is only appropriate "[i]f the court . . . determines that no remaining claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings." Ariz. R. Crim. P. 32.6(c). To be entitled to an evidentiary hearing, a petitioner must present a colorable claim. *See State v. Krum*, 183 Ariz. 288, 292, 903 P.2d 596, 600 (1995). A colorable claim is one that, if the allegations are true, would probably have changed the outcome. *State v. Amaral*, 239 Ariz. 217, 219-20, ¶¶ 10-11, 368 P.3d 925, 927-28 (2016).

¶6        A colorable claim of newly discovered evidence requires five elements:

> (1) the evidence must appear on its face to have existed at the time of trial but be discovered after trial; (2) the motion must allege facts from which the court could conclude the defendant was diligent in discovering the facts and bringing them to the court's attention; (3) the evidence must not simply be cumulative or impeaching; (4) the evidence must be relevant to the case; (5) the evidence must be such that it would likely have altered the verdict, finding, or sentence if known at the time of trial.

*State v. Bilke*, 162 Ariz. 51, 52-53, 781 P.2d 28, 29-30 (1989) (citation omitted); *accord* Ariz. R. Crim. P. 32.1(e). Here, we are concerned with the second element: Whether Salerno's petition is sufficient in alleging facts from which the court could conclude that he was diligent in discovering the new evidence.

¶7        On review of the record, we hold the superior court erred in ruling that Salerno's petition failed to present sufficient factual support with respect to the element of diligence regarding discovery of the newly discovered evidence. Salerno alleges in his petition that the newly discovered evidence was obtained by him through the inspection of the prosecutor's file, which only became possible in 2012 due to his § 1983 action. As alleged by Salerno and as supported by the documentation included in the appendix to his petition, Salerno previously requested production of the victim's business records from the State before trial in 2001, but the prosecution denied their existence. Salerno further sought to obtain the records directly from the victim, but the victim claimed they could not be produced due to an unrelated burglary of the victim's premises. During a civil proceeding in 2009, Salerno sought the records

from the investigating law enforcement agency, but was told all records obtained by the investigator had been delivered to the prosecutor before Salerno's criminal trial. In the same civil proceeding, however, the prosecutor in the criminal case denied receiving any undisclosed records from the investigator. It was only when Salerno was finally given access to the prosecutor's file in 2012 through his § 1983 action that the undisclosed business records and other documents giving rise to the claims of newly discovered evidence were obtained by him. Together, these facts present a colorable showing of reasonable diligence by Salerno in securing the undisclosed business records to entitle him to an evidentiary hearing on his claims of newly discovered evidence of innocence and a *Brady* violation. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963).

**¶8**　　　　The same is equally true of the discovery of the letter from the prosecutor to Salerno's trial counsel offering a formal plea agreement with a stipulation to probation. Included in the appendix to the petition for post-conviction relief is an affidavit by Salerno stating that his trial counsel never informed him of the proposed plea agreement and that if he had been informed of the offer he would have accepted it. Because Salerno never had access to the prosecutor's file in which the letter was found before 2012, no basis exists for concluding he was not diligent in bringing the claim of his trial counsel's ineffective assistance regarding the plea offer to the court's attention before the instant proceedings. *See Missouri v. Frye*, 566 U.S. 133, 147 (2012) (holding that counsel's representation may be found constitutionally deficient for failure to timely communicate a formal plea offer to a client); *State v. Donald*, 198 Ariz. 406, 411, ¶ 9, 10 P.3d 1193, 1198 (App. 2000) (recognizing defense counsel's duty to communicate the terms and relative merits of a plea offer).

**¶9**　　　　For the foregoing reasons, we grant review and relief, and remand this matter to the superior court for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:　AA

4