NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

MARK ALAN BENSON, *Petitioner*.

No. 1 CA-CR 16-0492 PRPC
FILED 9-12-2017

---

Petition for Review from the Superior Court in Maricopa County
No. CR2009-137548-001 DT
The Honorable Roger E. Brodman, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Mark Alan Benson, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

**¶1**　　　　Petitioner Mark Alan Benson petitions this Court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**　　　　A jury convicted Benson of second degree murder. He was sentenced to 20 years in the Arizona Department of Corrections. His conviction and sentences, as modified, were affirmed by this Court. *State v. Benson*, 1 CA-CR 13-0176, 2014 WL 1515698 (Ariz. App. Apr. 17, 2014) (mem. decision). Benson filed a petition for post-conviction relief in the superior court alleging pretrial counsel (who withdrew before trial) was ineffective. The petition was dismissed and Benson did not appeal that decision.

**¶3**　　　　Benson filed this successive petition for post-conviction relief alleging for the second time that his pretrial counsel was ineffective in the negotiation process for failing to provide him with "discovery" that would have enabled him to make an informed decision to take an alleged plea of 10 to 16 years in the Arizona Department of Corrections. The superior court summarily dismissed his petition.

**¶4**　　　　Benson filed his petition for review reiterating his ineffective assistance of pretrial counsel claim under Arizona Rule of Criminal Procedure ("Rule") 32.1(e) ("[n]ewly discovered material facts") and added claims under Rule 32.1(f), stating he was unable to obtain the new information through no fault of his own, and implied he was unable to do so as a result of the ineffectiveness of his Rule 32 counsel. The two Rule 32.1(f) claims were not presented to the superior court. Issues not presented to the trial court may not be presented in the petition for review. Ariz. R. Crim. P. 32.9(c)(1); *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991). Benson would not be entitled to Rule 32.1(f) relief under any circumstances, as this is not his "of right" proceeding. Nor does Benson meet his burden of proof as to the Rule 32.1(e) claim. This is the exact claim that the superior court dismissed before. The only addition is an affidavit from his trial counsel which merely reiterates his self-serving assertions. Because third-party affidavits show no personal knowledge, they will seldom entitle a petitioner to Rule 32 relief or an evidentiary hearing on their own. *See State v. Krum*, 183 Ariz. 288, 293, 903 P.2d 596, 601 (1995). The affidavit provides no newly discovered material facts to change the analysis. *See State v. Amaral*, 239 Ariz. 217, 220, ¶¶ 11-12, 368 P.3d 925, 928 (2016). Therefore, he is precluded under Rule 32.2(a)(2).

**¶5**        With these additional comments, we note that the superior court's decision clearly identified and correctly ruled upon the issues raised.  We see no purpose in rehashing the superior court's ruling and therefore adopt the superior court's decision.  *See State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993).

**¶6**        We grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA