NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

DAVID JEROME WILLIAMS, *Petitioner.*

No. 1 CA-CR 16-0219 PRPC
FILED 10-3-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2014-146093-001
The Honorable Alfred M. Fenzel, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

David Jerome Williams, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Randall M. Howe and Judge Kent E. Cattani joined.

**B E E N E**, Judge:

¶1 David Jerome Williams ("Williams") petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2 Police officers responded to a call regarding a shooting in a residential neighborhood. A witness informed the officers that Williams fired shots into the ground near an apartment building before fleeing the scene with the weapon. The officers were aware Williams could not lawfully possess firearms because he had several prior felony convictions and his civil rights had not been restored. The officers subsequently obtained a search warrant, and upon searching Williams' residence, discovered 4 grams of heroin and 24 grams of methamphetamine in a desk. After he was informed of his *Miranda*[1] rights, Williams admitted during a police interview that "he was selling the heroin and methamphetamine" found in his home.

¶3 Williams subsequently pled guilty to one count of possession of dangerous drugs for sale, a Class 2 felony, and he acknowledged a prior conviction for the same offense. The superior court imposed a 12-year prison term, and Williams filed a timely notice of post-conviction relief. After reviewing the record and other materials, including correspondence from Williams, appointed counsel could not find any claims for relief.

¶4 Williams proceeded *pro per* and filed a petition for post-conviction relief, raising a claim of ineffective assistance of counsel ("IAC") based on trial counsel's failure to "hold a defensive interview" and to seek suppression of the drugs discovered during the search of Williams' home. According to Williams, the search violated his Fourth Amendment rights because the warrant only mentioned items connected with the shooting and the associated crimes of aggravated assault, discharge of a firearm at a residential structure, assisting a criminal street gang, and misconduct involving weapons, but not illicit drugs. Thus, Williams insisted a motion to suppress the drugs would have succeeded and provided him more leverage for him during the plea negotiation process, resulting in a lesser sentence. The State responded to the petition, Williams replied, and the court summarily denied relief. This timely petition for review followed.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

¶5            Williams argues the superior court erred in not conducting an evidentiary hearing because he presented a colorable IAC claim. Without citing to relevant authority, Williams summarily asserts that counsel's failure to file a motion to suppress "the meth" was "deficient [representation] on its face." "Clearly," Williams continues, "had counsel . . . moved to challenge the warrant and seizure of the methamphetamines, the results would have been different."

¶6            Absent an abuse of discretion or error of law, we will not disturb the trial court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). "We may affirm on any basis supported by the record." *State v. Robinson,* 153 Ariz. 191, 199 (1987).

¶7            Summary dismissal of a petition for post-conviction relief is appropriate "[i]f the court . . . determines that no . . . claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings." Ariz. R. Crim. P. 32.6(c). To be entitled to an evidentiary hearing, a petitioner must present a colorable claim. *State v. Krum*, 183 Ariz. 288, 292 (1995). A colorable claim is one that, if the allegations are true, would probably have changed the outcome. *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016). In determining whether a claim is colorable, the allegations are viewed in light of the entire record. *State v. Lemieux*, 137 Ariz. 143, 146 (App. 1983). To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

¶8            The superior court did not err by summarily dismissing the petition for post-conviction relief because Williams failed to establish that counsel's failure to seek suppression of the drugs fell below objectively reasonable standards. Referring to a well-known exception to the warrant requirement, Williams asserts the drugs were not in "plain sight" because they were found "in a closed desk drawer of [his] study." However, as the United States Supreme Court has said:

> A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found.

*United States v. Ross*, 456 U.S. 798, 820–21 (1982) (footnote omitted).

**¶9**        Here, the search warrant affidavit lists several items that could reasonably be found in a desk drawer. Thus, consistent with *Ross*, officers conducting the search of Williams' residence were authorized to search the desk's drawers and seize the drugs discovered there. *See State v. DeCamp*, 197 Ariz. 36, 39, ¶ 14 (App. 1999) ("[A]s long as the law-enforcement officers are authorized to be where they are, they may seize any item in plain view if its evidentiary value is at once apparent.").

**¶10**        Williams cites no facts that suggest the seized drugs were not in plain view once officers opened the desk drawer or that the drugs' evidentiary value was not apparent at that moment. Further, he cites no authority for the proposition that police officers conducting a search pursuant to a warrant violate the Fourth Amendment's prohibition against unreasonable property seizures if they discover and seize evidence of a crime that is not the basis of the investigation that gave rise to the warrant. Absent such facts and authority, Williams' trial counsel could reasonably conclude that a motion to suppress would not succeed. *See James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) ("Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel."). Williams presents no authority supporting a contrary conclusion. Accordingly, Williams failed to raise a colorable IAC claim, and the superior court was entitled to summarily dismiss the Rule 32 proceeding.

**¶11**        We therefore grant review but deny relief.

