NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

v.

ARNULFO ROSAS HERNANDEZ, *Petitioner*.

No. 1 CA-CR 19-0366 PRPC

FILED 7-2-2020

Appeal from the Superior Court in Maricopa County
No. CR1999-011560
The Honorable Jay R. Adleman, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Arnulfo Rosas Hernandez, Yuma
*Petitioner*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which
Presiding Judge David D. Weinzweig and Judge Jennifer M. Perkins joined.

**M O R S E**, Judge:

**¶1**        Petitioner Arnulfo Rosas Hernandez petitions this court for review from the dismissal of his petition for post-conviction relief ("PCR") pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.1. This is his eighth petition. For the reasons stated, we grant review but deny relief.

**¶2**        A jury found Hernandez guilty of seventeen felonies, including one count of first-degree murder, first-degree burglary, and seven counts of kidnapping. The court sentenced Hernandez to concurrent and consecutive terms of imprisonment, including one life sentence with the possibility of parole after twenty-five years. His convictions and sentences were affirmed on appeal by this court.

**¶3**        In his most recent petition for PCR, Hernandez seeks relief based on newly discovered and material facts pursuant to Rule 32.1(e). Hernandez submitted two new affidavits from family members each alleging that Hernandez "had no knowledge of any crime(s) to be committed on that day." The superior court denied his claim. In his petition for review, Hernandez argues that the superior court erred because he was entitled to an evidentiary hearing on the matter pursuant to Rule 32.13.

**¶4**        We will not disturb a superior court's ruling on a petition for post-conviction relief unless the court abused its discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012). The petitioner has the burden to show the court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶5**        To be entitled to an evidentiary hearing for a Rule 32.1(e) claim, the petitioner must first present a colorable claim. *State v. Krum*, 183 Ariz. 288, 292 (1995). A colorable claim is one that, if the allegations are true, would probably change the verdict. *State v. Amaral*, 239 Ariz. 217, 219-20, ¶¶ 10-11 (2016). Even assuming the alleged facts to be true, the information in the affidavits is largely immaterial. Both statements indicate that the witnesses were not with Hernandez when the crimes occurred nor present at the scene of the crime. Without personal knowledge of events, the testimony does nothing to rebut the multiple witnesses who placed petitioner in the house during the commission of the felonies and even identified him at trial.

**¶6**        A colorable claim further requires that the evidence "existed at the time of trial but [was] discovered after trial," and that the petitioner was "diligent in discovering the facts and bringing them to the court's

attention." *State v. Bilke,* 162 Ariz. 51, 52-53 (1989). The superior court also determined that Hernandez failed to demonstrate diligence in discovering and presenting the affidavits. Considering it had been 19 years and the affiants were a family member and the mother of his child, the superior court did not abuse its discretion.

¶7            For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA