NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BENNETT FRANCISCO BENITEZ, *Petitioner*.

No. 1 CA-CR 25-0347 PRPC

FILED 04-01-2026

Petition for Review from the Superior Court in Maricopa County
No. CR2016-143212-001
The Honorable Joseph P. Mikitish, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Faith Cheree Klepper
*Counsel for Respondent*

Law Office of Stephen M. Johnson, Inc., Phoenix
By Stephen M. Johnson
*Co-Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1 Bennett Francisco Benitez seeks review of the superior court's order dismissing his post-conviction relief ("PCR") petition. We grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2 In September 2016, police responded to a verbal altercation at a mobile home park involving Benitez. Police reported Benitez followed the victims to their trailer and intimidated them using gang signs and death threats. Police searched Benitez's trailer and found gang paraphernalia associated with the East Side Los Guada Bloods gang. Benitez later admitted membership in the gang.

¶3 The State charged Benitez with three counts of threatening or intimidating, class three felonies; three counts of threatening or intimidating, class six felonies; and one count of assisting a criminal street gang, a class three felony.

¶4 Before trial, Benitez moved to exclude evidence of his prior gang membership. The superior court partially granted his motion but allowed the State to introduce eye-witness testimony along with photographs, clothing, and paraphernalia seized from Benitez's trailer to show gang-affiliation. During the eight-day jury trial, the State called gang experts who testified Benitez acted with the intent to promote or assist criminal conduct by a criminal street gang. After the State rested its case, Benitez rested without presenting evidence. On multiple trial dates, Benitez failed to appear, prompting the superior court to issue a bench warrant before the case was submitted to the jury.

¶5 The jury convicted Benitez on all charges and found the presence of several aggravating factors. He was sentenced to concurrent terms of imprisonment, with the longest term being 15 years. On appeal, we vacated Benitez's three convictions for threatening or intimidating as class six felonies but affirmed his convictions and sentences on the

remaining counts. *State v. Benitez*, 1 CA-CR 19-0458, 2021 WL 4097524 (Ariz. App. Aug. 5, 2021) (mem. decision).

**¶6**     Benitez timely filed a PCR notice after requesting multiple extensions. The superior court summarily dismissed Benitez's PCR petition. Benitez timely petitioned for review.

## DISCUSSION

**¶7**     We review a superior court's ruling on a PCR petition for an abuse of discretion, which occurs if the "court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017) (citations omitted). We will affirm the superior court's decision "if it is legally correct for any reason." *See State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

**¶8**     Superior courts are not required to conduct evidentiary hearings "based on mere generalizations and unsubstantiated claims." *State v. Borbon*, 146 Ariz. 392, 399 (1985). "The relevant inquiry for determining whether the petitioner is entitled to an evidentiary hearing is whether he has alleged facts which, if true, would *probably* have changed the verdict or sentence." *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016). Vague allegations are insufficient to warrant an evidentiary hearing. *See State v. Krum*, 183 Ariz. 288, 294-95 (1995) (finding defendant was not entitled to an evidentiary hearing where defendant's affidavits "lack[ed] any reliable factual foundation" and where defendant failed to present any "substantial evidence" to support his claim).

**¶9**     Benitez argues the superior court abused its discretion in finding he had not presented a colorable ineffective assistance of counsel (IAC) claim and summarily denying his PCR petition without an evidentiary hearing.

## I.     Ineffective Assistance of Counsel

**¶10**     Benitez argues his trial counsel was ineffective for failing to (1) communicate and provide discovery, (2) secure an investigator, and (3) retain a gang expert. We disagree.

**¶11**     "To state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant." *State v. Bennett*, 213 Ariz. 562, 567, ¶ 21 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish a colorable claim of

prejudice, a defendant must "show a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 568, ¶ 25 (quoting *Strickland*, 466 U.S. at 694). "Failure to satisfy either prong of the *Strickland* test is fatal to an [IAC] claim." *Id.* at 567, ¶ 21.

**¶12** Benitez first contends counsel was ineffective for failing to communicate and provide discovery. Benitez argues that, because counsel did not provide him with "all of the discovery and only met with him a few times prior to trial," Benitez could not assist or prepare for trial.

**¶13** Benitez fails to show counsel's performance fell below objectively reasonable standards. General claims of poor communication alone do not prove deficiency in counsel's communication. *See Borbon*, 146 Ariz. at 399 (finding mere generalizations and unsubstantiated claims do not create a colorable IAC claim); *see also State v. Osborne*, No. 1 CA-CR 20-0305, 2020 WL 6578367, at *2, ¶ 6 (Ariz. App. Nov. 10, 2020) (mem. decision) (citing *Borbon*, 146 Ariz. at 399) (finding petitioner failed to state a colorable IAC claim based on "general claims of poor communication with counsel."). Here, Benitez points to no instance where counsel provided deficient communication. In fact, Benitez's repeated absences before and during his trial undermine his claim of deficient communication. Without more than generalized and unsubstantiated claims of poor communication, Benitez fails to state a colorable IAC claim. *See Borbon*, 146 Ariz. at 399.

**¶14** As for his discovery allegation, Benitez failed to specify which documents his counsel withheld from him and how these documents would have probably changed his verdict or sentence. In fact, Benitez's petition merely lists categories of discovery that "could have been critical to [his] defense."

**¶15** And even assuming counsel's performance was deficient, Benitez's IAC claim still fails because he failed to establish prejudice. Under *Strickland*, a defendant must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Here, Benitez offers no proof that counsel's failure to communicate and provide discovery would have changed the outcome of his case. The superior court therefore did not abuse its discretion by summarily denying this IAC claim on this ground.

**¶16** Second, Benitez argues counsel was ineffective for failing to secure an investigator. Specifically, Benitez argues an investigator could

have located other witnesses and developed "counter-narratives" to the State's gang-affiliation theory.

**¶17**      Mere generalizations and unsubstantiated claims do not create a colorable IAC claim. *Borbon,* 146 Ariz. at 399; *see State v. Schurz*, 176 Ariz. 46, 58 (1993) (finding defendant failed to raise a colorable IAC claim based on the argument that the verdict would have been different if an unidentified witness had been found).

**¶18**      Benitez neither identifies a specific witness nor how this witness's testimony could have changed his verdict. Further, though Benitez contends an investigator could have developed "counter-narratives" to explain his altercation with the victims, his argument fails, as mere speculation as to an investigator's general impact is insufficient to raise a colorable IAC claim. *See Borbon*, 146 Ariz. at 399. The court did not err in summarily dismissing his IAC claim on this ground.

**¶19**      Finally, Benitez argues counsel was ineffective for failing to retain or consult a gang expert to rebut the State's narrative that "turned on expert-framed symbolism more than concrete criminal acts." Because the State relied on experts to present evidence of Benitez's gang affiliation, Benitez argues a rebuttal expert could have controverted the State's theory. Benitez claims a reasonable probability exists that such evidence could have resulted in a different outcome.

**¶20**      An IAC claim fails absent any identification of the witnesses and a description of their potentially favorable testimony. *See Borbon*, 146 Ariz. at 399-401 (rejecting defendant's IAC claim based in part on the failure to "indicate the names of witnesses [or] include affidavits containing what testimony they would have offered"); *Schurz*, 176 Ariz. at 58 (holding that defendant failed to state a colorable IAC claim based on his complaint that counsel "failed to spend sufficient effort to locate an unidentified [person] who was at the scene" because defendant did not explain "what the [person's] testimony might have been or how it would have affected the trial").

**¶21**      Benitez identifies no expert witness who could have been called to testify, nor explains what relevant testimony this unidentified witness could have offered beyond explaining how Benitez's acts on that night could have been interpreted differently. Without identifying a potential expert witness, explaining potentially favorable testimony, and its potential effect on his case, Benitez fails to show how counsel was deficient.

Absent a showing of deficiency, Benitez fails to present a colorable IAC claim.

## CONCLUSION

¶22      We grant review and deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:       JR